Wilde, J.
It cannot be maintained, as a general proposition, that the probate courts have exclusive jurisdiction of the settlement of real estates, by partition among the heirs, and by assignment of dower to the widow; for authority is expressly given, by divers statutes, to the other courts. All, therefore, that can be contended for is, that the Probate Court has exclusive jurisdiction in all such cases, wherein the provisions of law cannot be enforced aliunde. The facts appearing in the proceedings brought before us upon this appeal, do. not present such a case; and it appearing that an action of dower, and a petition for partition, were pending in this Court at the time of the decree, and were commenced before any proceedings were had in the Probate Court, the decree must be reversed.
When different courts have concurrent jurisdiction, the one before whom proceedings may be first had, and whose jurisdiction first attaches, must necessarily have authority paramount to the other courts; or, rather, the action first commenced shall not be abated by an action commenced between the same parties, in relation to the same subject, in the same or any other court.
*147 It is unnecessary now to inquire, whether cases may not occur, in the partition of estates in common, requiring the interposition of the powers vested in the courts of probate; nor have we much considered the cases supposed. The principal difficulty suggested in this case is, that advancements have been made to some of the heirs, which cannot be fairly adjusted, except in the Court of Probate. The appellants, however, contend that these advancements may be considered in the distribution of the personal estate, and they suggest that a sum sufficient for this purpose remains undistributed in the hands of the administrator's.
It has never been judicially settled, that advancements * made to an heir cannot be taken into consideration in [*172 \ the partition of real estate, except when ordered by the judge of probate. Such advancements may, without doubt, be most conveniently adjusted in the Probate Court. But considerations of convenience will not oust the common law courts of their jurisdiction. Nothing but express words, or necessary implication, can be sufficient for this purpose. If, however, the respondents are right in their law, and the facts will bear them out, they may plead to the petition for partition, and, after a successful defence, may proceed anew in the Court of Probate. At present, the principal point made in the argument' is not judicially before us, and the decree of the judge of probate must be reversed.

Decree reversed.