Luchterhand *v.* Sears.

FREDERICK W. LUCHTERHAND *vs.* EBEN SEARS, administrator.

A decree of a probate court, dismissing a petition on the Gen. Sts. *c.* 117, §§ 5, 6, to compel an administrator to perform specifically his intestate's agreement for the conveyance of real estate, is conclusive against the right of the petitioner to bring a petition against the administrator for the same purpose in this court.

PETITION against the administrator of the estate of Richard Crease, alleging that Crease made a written agreement with the petitioner to sell him a certain parcel of real estate in Boston, and afterwards died, and the respondent was appointed administrator of his estate; that the petitioner presented a petition to the probate court in Suffolk, praying for a specific performance of the agreement; that the land was subsequently taken by the city of Boston, under the St. of 1868, *c.* 277 ; and that the probate court dismissed the petition, because specific performance of the agreement had become impossible by reason of the act of the city. The present petition prayed that the respondent might be compelled to convey and assure to the petitioner all the right of Crease's heirs in the land, and all their claims against the city. The respondent demurred because, besides other causes not now material, it appeared from the petition that a similar petition for the same purpose, upon the same agreement and between the same parties, had been dismissed by the probate court. The case was reserved by *Colt*, J., on petition and demurrer, for the consideration of the whole court.

*S. B. Ives, Jr.*, for the respondent.

*E. Blake*, for the petitioner. The power of subrogation to the rights of Crease's heirs against the city could not be exercised by the probate court, and therefore its decree is not conclusive.

COLT, J. The petitioner seeks to compel the specific performance by an administrator of his intestate's agreement to convey real estate. The petition can be maintained only by virtue of the provisions of our statutes, which give to an administrator's conveyance in such cases, when ordered by the court, the same force and effect as if made by the person who entered into the agreement to convey. Jurisdiction is given by statute to the probate court, concurrently with this court, upon the petition of any person interested in the conveyance. Gen. Sts. *c.* 117, §§ 5, 6.

The petitioner alleges that, upon a former petition by him in the probate court, the relief here sought was denied. It thus appears upon the face of his petition that he has once had day in a court of competent jurisdiction, the action of which, first invoked by the petitioner himself, excludes all concurrent jurisdiction, and is conclusive upon all other tribunals. It is subject to revision by an appeal to this court, but it cannot be revised upon this petition. *Stearns* v. *Stearns*, 16 Mass. 167. For this reason alone the demurrer to this petition must be sustained, without reference to the other specified grounds.

*Demurrer sustained ; petition dismissed, with costs.*