## FALL RIVER PRINT WORKS *vs.* CITY OF FALL RIVER.

When the verdict of a jury to assess damages for land taken for a highway is set aside, the application for a new jury, under the Gen. Sts. *c.* 43, § 42, may be by petition, although a year has elapsed since the laying out of the highway.

The fact that the owner of land on a highway has erected a building or solid wall standing back from the highway, and that the strip between such building or wall and the highway has been used by the public for more than twenty years, is not conclusive evidence that the strip has become a part of the highway.

On a petition for a jury to assess damages to land by widening or altering a street, the petitioner can recover for damages occasioned by raising the level of a sidewalk, if such raising is part of the actual work of widening the street.

On a petition for a jury to assess damages to an estate on a street in a city for land taken for widening the street, evidence of the amount of damages paid by the city to the owners of adjoining estates is not admissible.

PETITION to the county commissioners, dated July 3, 1870, alleging that the respondents, on November 2, 1868, altered and widened Pocasset Street; that in so doing they took part of the estate of the petitioners, and awarded them damages therefor; that the petitioners, within one year from the altering and widening, petitioned for a jury to assess damages; that the jury was summoned; that a verdict was returned to March term of the Superior Court, 1870; and that at that term the court set aside the verdict. The prayer was for a jury to assess damages for the altering and widening.

The jury was summoned, and at the hearing before the sheriff the respondents moved that the petition and proceedings thereunder should be dismissed, because the petition was not brought within the time required by law, but the sheriff overruled the motion.

It appeared that the land taken was a strip between the wall of a mill and mill-yard on the plaintiffs' estate, and the northerly side of Pocasset Street; that in 1828 there was a way constructed by the petitioners, or their grantors, over their own land, substantially where Pocasset Street was afterwards laid out, which was used by the public without objection by the petitioners; that in that year the petitioners built their mill, leaving the strip in question between this way and the solid stone wall of their mill.

and mill-yard; that in 1831 Pocasset Street was laid out, the strip in question not being within the location of the street; that the strip was bounded on the western, southern and eastern sides by a curbing, put down by the petitioners or their grantors, who also placed a stone post at the southwest corner of the strip, to mark the corner of their land, on which post for many years they maintained a light; that they placed within the strip steps leading to the mill, and a coal hole with a trap door covering the whole width of the strip, both which were removed twelve years ago, and also a hydrant, which was still standing; that the strip was used by the petitioners, more or less, to land their supplies on; that there was nothing, except as above stated, to separate the strip from Pocasset Street; that the public was, and ever since the building of the wall had been, in the habit of passing over the strip in common with the street; and that there was a flagged sidewalk along the southerly line of the strip; but there was no evidence that the strip had ever been repaired by the respondents.

It further appeared that the mill-yard of the petitioners was below the level of Pocasset Street; that the only access thereto was a driveway, leading from the yard, up a considerable incline, through a gate in the wall to the street; that the land taken was used in constructing a sidewalk; that in September or October 1869 the surveyor of highways, in constructing the sidewalk, and as part thereof, put a crossing into it in front of the gate, about two thirds being on land taken from the petitioners, and the other third on the street as it was before it was widened; and that the surface of the crossing was eighteen inches above the level of the driveway. It appeared that the street was widened below as well as in front of the premises of the petitioners, and that the work on the crossing aforesaid was done at the same time as, and as a part of the actual work of widening said street, both in front of and below the premises of the petitioners.

The petitioners were allowed, against the respondents' objection, to introduce evidence that in consequence of the raising of the crossing the driveway had been rendered steeper and more difficult. The respondents contended that whatever was done by

them in front of the gate in putting in the crossing was done either as a repair of the street or a change in the grade; and that the petitioners were not entitled in either case to damages therefor in this form of proceeding.

The petitioners offered evidence to show the amounts paid by the respondents to the Fall River Manufactory and the Annawan Manufacturing Company respectively, for land taken from them by the widening of Pocasset Street. The respondents objected that there was no evidence that the premises of either were situated similarly to those of the petitioners. The sheriff ruled that as the land of the Fall River Manufactory was separated only by a twenty feet passageway from the land of the petitioners, and the land of the Annawan Manufacturing Company adjoined the land of the Fall River Manufactory, and as all three were on the same side of the same street, the evidence was admissible.

Walter C. Durfee, called by the respondents, testified that he was an alderman in 1868; that the land of the Fall River Manufactory and of the Annawan Manufacturing Company was very differently situated from that of the petitioners; "that the petitioners' land was all in the street, and had been ever since he had known it, which was thirty-five years or more, excepting a little piece at the south end of the petitioners' mill where the steps used to be; that nothing was taken but what was in the street and used in the same manner by the public after the taking; that the taking of the land from the Fall River Manufactory left their remaining land narrower, and would oblige them, if they rebuilt their mill, which had then been destroyed by fire, to go to great expense in digging out their ledge on the north end of their lot in order to obtain room for their new mill, if they rebuilt it of the same size that it was before; and that on a part of the land taken from the Annawan Manufacturing Company were standing the walls of a stone building which had been burned out, and also a wooden building used for a counting-room."

The respondents asked the sheriff to instruct the jury as follows: "1. If the land in question, or any part thereof, was separated from other land of the petitioners, either by themselves,

or their grantors, by the building of a heavy stone wall or other structure of a permanent character along the front of the prem ises, so as to leave the land in question in the highway, and the land so left has been in actual public use, general and uninterrupted, in common with the rest of the highway, for a period of twenty years or more before the time of the laying out complained of, then the public have gained by prescription the right of way over and upon the land, or so much thereof as has been so used ; the laying out of said way by the respondents over the land so used gave the public no additional right thereto ; the petitioners are not entitled to damages therefor ; and the respondents are not estopped to show such a way. 2. If the public had a way over and upon the land in manner aforesaid, and any part of the injury complained of by the petitioners was occasioned by the repairing of said way by the surveyor of highways, then the petitioners are not entitled to compensation for such damages so occasioned, in this form of proceeding, as it does not appear that they have complied with the law in such case made and provided. 3. If the street or way complained of has no established grade, and the petitioners have been damaged in their property in consequence of the raising or lowering of any part of the way or other act done for the purpose of repairing the same by the surveyor of highways, then they are not entitled to damages therefor in this form of proceeding. 4. The changing of the crossing in the sidewalk is not an alteration which entitles the petitioners to damages for the rendering ingress and egress to and from their land more difficult, as they did not first apply to the mayor and aldermen to determine the same. 5. The petitioners are not entitled to any damages except such as were occasioned by the taking of the land in the widening and altering of the street by the respondents on November 2, 1868. 6. The word " altering " as used in the Gen. Sts. *c.* 44, § 19, and in the petition, does not mean the raising or lowering of any part of the highway. 7. If the injury complained of by the petitioners, or any part thereof, was occasioned by the repairing of the street in front of and adjoining their land by order of the surveyor of highways, then they are not entitled to recover in this form of action for such

damages, or so much thereof as was so occasioned." But the sheriff refused so to instruct the jury.

The jury returned a verdict for the petitioners for $5003, which was accepted by the Superior Court, and the respondents alleged exceptions.

*J. C. Blaisdell*, for the respondents.

*J. M. Morton, Jr.*, for the petitioners.

By THE COURT. 1. The Gen. Sts. *c.* 43, § 42, provide that when a verdict is set aside, "the commissioners, on application therefor, shall order a new jury." It is obviously proper, if not necessary, that the party desiring further proceedings should file a petition, reciting the prior proceedings, including the setting aside of the verdict, in order that the basis of the further proceedings may appear of record. The petition was proper as an application for a new jury, and the warrant issued thereon was in conformity with the statute.

2. Whether any part of the land for which damages were claimed had been so used by the public, with the acquiescence or by the dedication of the petitioners, as to make it already a part of the highway, was a question of fact for the jury upon all the evidence in the case. The instructions prayed for, that it had become part of the highway, so that no damages in respect thereto were recoverable, were rightly refused.

3. The objection that a considerable portion of the damages allowed to be proved were recoverable only in the manner provided by the Gen. Sts. *c.* 44, §§ 19, 20,* is not sustained by the report, which states that " it appeared that the street was widened below as well as in front of the premises of the petitioners, and that the work on the crossing aforesaid was done at the same time as, and as a part of the actual work of widening

---

* " SECTION 19. When an owner of land adjoining a highway or town way sustains damage in his property by reason of any raising, lowering, or other act, done for the purpose of repairing such way, he shall have compensation therefor, to be determined by the selectmen or mayor and aldermen; with whom he shall file his petition therefor after the commencement, and within one year from the completion of the work; and who shall finally adjudicate upon the question of damages within thirty days after the filing of the petition therefor,

said street, both in front of and below the premises of the petitioners."

4. But evidence of " the amounts paid by the respondents to the Fall River Manufactory and the Annawan Manufacturing Company respectively, for land taken from them by the widening of " the same street was of a mere settlement of damages, and not an ordinary sale and purchase of an estate, and was incompetent, and improperly admitted. *Presbrey* v. *Old Colony & Newport Railway Co.* 103 Mass. 1, 9.    *Verdict set aside.*

---

unless the parties agree in writing to extend the time.  The benefit, if any, which the complainant may receive by reason of such alteration or repair, shall be allowed by way of set-off.

" SECTION 20.  If the petitioner is aggrieved, either by the estimate of his damages or by a refusal or neglect to estimate the same, he may, within one year from the expiration of said thirty days, apply for a jury, and have his damages ascertained in the manner provided where land is taken in laying out highways.  Or he may, by agreement with the adverse party and upon application made within the same time, have them ascertained by a committee to be appointed, in the city of Boston by the Superior Court, and elsewhere by the county commissioners in their respective jurisdictions."