### VOLNEY WARNER *vs.* COUNTY OF FRANKLIN.

Franklin. September 21. — 28, 1881. LORD & DEVENS, JJ., absent.

Whether objections to the regularity of the petition and warrant for a sheriff's jury can be taken otherwise than by application for a writ of certiorari — *quære*.

County commissioners adjudicated at one meeting the necessity of two highways across a parcel of land, intersecting each other at nearly right angles, laid out one of the ways, and some months afterwards laid out the other. Subsequently, the owner of the land obtained a warrant for a jury, which, by mistake of his counsel, included only the land taken for the first way. Within a year from the laying out of the first way, he obtained a new warrant for a jury to estimate his damages for the land taken for both ways. *Held*, that the issuing of the second warrant was within the power of the county commissioners.

PETITION to the county commissioners for a jury to assess damages for the taking of the petitioner's land for the construction of two highways in Montague. The Superior Court accepted the verdict of the jury in favor of the petitioner; and

the respondent appealed to this court. The facts appear in the opinion.

*J. A. Aiken,* for the petitioner.

*S. O. Lamb,* for the respondent.

GRAY, C. J. Proceedings for laying out highways begin before the county commissioners, a tribunal whose judicial action is not according to the course of the common law, and is therefore subject to be revised by this court by writ of certiorari. If a landowner is aggrieved by the estimate of his damages, and applies to the county commissioners for a jury to re-estimate them, the county commissioners issue a warrant to the sheriff to summon such a jury, the rulings of the sheriff at the trial before him are certified with the verdict to the Superior Court, and the decisions of that court thereon may be revised by this court on appeal or exceptions, as in other cases. *New Haven & Northampton Co.* v. *Northampton,* 102 Mass. 116, 125, 126.

In *Walker* v. *Boston & Maine Railroad,* 3 Cush. 1, 16, the question whether the court to which the verdict of a sheriff's jury was returned could set it aside on the ground that the warrant had issued improvidently was treated as an open question. Upon principle, it would seem to be improper to permit the sheriff, acting under a warrant regular upon its face, to inquire into and pass upon the validity of the previous proceedings of the tribunal which had issued the warrant; and that the appropriate form of correcting any errors in such proceedings should be by writ of certiorari. But the practice in such cases has not been uniform.

The somewhat analogous objection, that the petition to the county commissioners for a jury was not filed within the time allowed by law, has often been taken by application for a writ of certiorari to quash the order of the county commissioners. *Charlestown Branch Railroad* v. *County Commissioners,* 7 Met. 78. *Charles River Railroad* v. *County Commissioners,* 7 Gray, 389. *Brookline* v. *County Commissioners,* 114 Mass. 548. *Cambridge* v. *County Commissioners,* 117 Mass. 79. Yet that objection, when taken at the beginning of the trial before the sheriff's jury, has sometimes been allowed on motion to set aside the verdict when returned into court. *Eaton* v. *Framingham,* 6 Cush. 245. *Russell* v. *New Bedford,* 5 Gray, 31. *Fall River Print Works* v. *Fall River,* 110 Mass. 428. *Whitney* v. *Lynn,* 122 Mass.

338. Perhaps, in so allowing it, the distinction has not been sufficiently regarded between a trial before a sheriff's jury on a warrant issued by the county commissioners, and a trial by a common jury ordered upon petition to the Court of Common Pleas or Superior Court, all of whose rulings in matter of law are subject to revision in this court upon appeal or exceptions. *Goddard* v. *Boston*, 20 Pick. 407. *Loring* v. *Boston*, 12 Gray, 209. *Erskine* v. *Boston*, 14 Gray, 216. *Kinsman* v. *Cambridge*, 121 Mass. 558.

In this state of the precedents, we have thought it fit to suggest a doubt whether the only proper form of objecting to the regularity of the petition and warrant for a sheriff's jury is not by application for a writ of certiorari; but we reserve the expression of a definitive opinion on that question until it shall become necessary to the decision of a case brought before us.

The present case does not require a determination of that question. It is admitted that the county commissioners, after adjudicating at one meeting the necessity of two highways, intersecting each other at nearly right angles, across lands of this petitioner, laid out one of those ways in June 1880 and the other in September 1880; that this petitioner afterwards presented to the county commissioners a petition and obtained a warrant for a jury, which, by inadvertence and mistake of his counsel, included the land taken for the first way only; and that, on discovering the mistake, and within a year from the laying out of the first way, he presented a new petition for a jury to estimate his damages for the lands taken for both ways, and the county commissioners issued a warrant accordingly.

If the second warrant had included the land taken for the second way only, his claims under both warrants might properly have been submitted together to one jury, and their verdict, estimating his damages for lands taken by both ways, would have been as valid as if his damages for the lands taken for the two ways had been assessed by distinct juries. *Wyman* v. *Lexington & West Cambridge Railroad*, 13 Met. 316. *Richardson* v. *Curtis*, 2 Cush. 341. *Dickenson* v. *Fitchburg*, 13 Gray, 546. The issuing of a single warrant for both claims, upon proof to the satisfaction of the county commissioners of the mistake under which the petitioner had acted in presenting the first

petition and obtaining the first warrant, did no injury to the county, and was within the power of the county commissioners; although, if upon a consideration of all the circumstances they had declined to issue a second warrant to estimate damages for the land included in the first warrant, this court would not have compelled them to do so. *Taylor* v. *County Commissioners*, 13 Met. 449, 452, 453. *Judgment accepting verdict affirmed.*