## CITY OF BROCKTON *vs.* WILLIAM W. CROSS.

Plymouth. Oct. 22, 1884. — Jan. 8, 1885. C. ALLEN & COLBURN, JJ.,
absent.

A petition by a city to the Superior Court for a jury to assess the damages sus-
tained by A. by the taking of certain waters by the city was filed with the
clerk of the court at ten minutes after eleven o'clock in the forenoon of a
certain day. A petition by A. to the county commissioners for a like assess-
ment of damages was indorsed by the clerk of the board as filed at twenty
minutes after eleven o'clock on the same day. The record of the county com-
missioners showed that A.'s petition was presented to the chairman in the pres-
ence of the full board, at an adjournment of a certain term, at forty-five minutes
after ten o'clock on that day, with the request that it be filed. *Held,* that the
petition pending in the Superior Court should be dismissed.

PETITION to the Superior Court for a jury to assess the dam-
ages sustained by the respondent by the taking of the water and
water sources of Salisbury Brook and its tributaries by the peti-
tioner, under the St. of 1878, *c.* 124: in the nature of an appeal
from an assessment of such damages by the county commissioners,
upon the petition of the present respondent.

The respondent filed a motion in the Superior Court to dis-
miss the petition, on the ground that he had made his application
by petition to the county commissioners for a jury to assess his
damages in the same matter set forth in the present petition,
before that petition was filed with the clerk of the court.

Hearing before *Rockwell*, J., who, at the request of the parties,
reported for the determination of this court the following case :

The present petition was filed with the clerk of the court, on
June 4, 1883, at ten minutes after eleven o'clock in the forenoon.
The record of the county commissioners, which was admitted in
evidence, showed that the respondent's petition was presented to
the chairman of the county commissioners, in the presence of the
full board, at an adjournment of the March term, held on June 4,
1883, at forty-five minutes after ten o'clock in the forenoon, with
the request that it be filed; that the chairman took the petition
and gave it to the clerk at twenty minutes past eleven o'clock,
with instructions to enter it upon the docket of the commis-
sioners ; and that the clerk made the entry upon the petition,
" Filed June 4, '83, at 11 o'c. 20 minutes A. M.," and entered the
same upon the docket of the commissioners.

Upon this evidence, the judge ruled that the petition of the respondent was legally presented to the county commissioners before that of the petitioner was filed with the clerk of the Superior Court; and that the county commissioners had jurisdiction of the subject matter of the former petition; and ordered the petition pending in said court to be dismissed.

*H. Kingman*, for the petitioner.

*C. W. Sumner*, for the respondent.

HOLMES, J. Both parties agree that the tribunal to which the first application was duly made acquired exclusive jurisdiction. *Miller* v. *County Commissioners*, 119 Mass. 485. The petition to the Superior Court was filed at ten minutes after eleven in the forenoon of June 4, 1883. The petition to the county commissioners was indorsed by the clerk as filed at twenty minutes after eleven on the same day, or ten minutes later. But the extended record sets forth that it "was presented to the chairman of the county commissioners in the presence of the full board, at an adjournment of the March term," at forty-five minutes after ten, with the request that it be filed. The words quoted import a public presentation to the board while in session. The presentation of the petition to the board to whom it was addressed was an application to them for what the petition asked, and the request that the document be filed did not cut down the effect of presenting it. Delay on the part of the board or the clerk in making the proper entries, or an erroneous indorsement by the clerk, cannot affect the petitioner's rights, as the record discloses the truth. The ruling of the Superior Court was correct.

*Petition pending in the Superior Court dismissed.*