WAMESIT POWER COMPANY *vs.* LOWELL AND ANDOVER RAILROAD COMPANY.

Middlesex.  March 5. — 9, 1885.  W. ALLEN, COLBURN, & HOLMES, JJ., absent.

If the verdict of a sheriff's jury is set aside by the Superior Court, a new trial cannot be had at the bar of that court.

PETITION to the Superior Court, filed January 19, 1883, for a jury to assess damages caused to the petitioner by the taking of a portion of its land and water power by the respondent, in the construction of its railroad.

The petition alleged that the petitioner, being aggrieved by the award of the county commissioners, applied for a sheriff's jury to assess its damages; that the verdict of the jury was returned to the Superior Court on March 26, 1877, and on November 11, 1882, was set aside by that court.

The respondent filed a demurrer to the petition. The case was heard on the petition and demurrer. The demurrer was sustained and the petition dismissed. The petitioner appealed.

*G. O. Shattuck & J. Davis*, for the respondent.

*B. F. Butler*, for the petitioner.

MORTON, C. J. At the time when the land of the petitioner was taken by the respondent, and when the county commissioners assessed damages therefor, either party, if aggrieved by the doings of the commissioners, had the right to apply either

to the Superior Court or to the county commissioners for a jury to assess the damages. Gen. Sts. *c.* 63, § 22. Sts. 1870, *c.* 75; 1873, *c.* 261. The petitioner duly applied to the county commissioners for a sheriff's jury; a jury was empanelled, who returned their verdict to the Superior Court, and the verdict was set aside by that court.

The statute expressly provides that " the clerk of the court shall certify such verdict or report, with the adjudication of the court thereon, to the commissioners at their next meeting after the adjudication shall be had; and if the verdict or report has been set aside, the commissioners, on application therefor, shall order a new jury, or the parties may agree upon a new committee ; and thereupon like proceedings shall be had as are herein before provided." Gen. Sts. *c.* 43, § 42. Pub. Sts. *c.* 49, § 54.

By filing its original petition, the petitioner selected the county commissioners as the forum in which to try the question of its damages. When this petition was filed, the county commissioners acquired exclusive jurisdiction of the subject matter, and neither party could afterwards apply to the Superior Court. *Miller* v. *County Commissioners*, 119 Mass. 485. *Brockton* v. *Cross*, 138 Mass. 297.

So long as proceedings are pending upon the petition before the county commissioners, the Superior Court has no jurisdiction to receive an application for a jury and act thereon. The statute we have cited above clearly recognizes the proceedings as pending before the county commissioners, and specifically points out the proper course in case the Superior Court sets aside the verdict of the sheriff's jury. The clerk is to certify the adjudication of the court to the county commissioners, and they are to order a new jury. By the statute, the jurisdiction of the subject matter and of the pending case remains with the commissioners, and it follows that the Superior Court, after its adjudication setting aside the verdict, has no further jurisdiction in the case. The only remedy which the statutes give the petitioner is to apply to the county commissioners for a new jury, or a committee if the parties so agree. *Fall River Print Works* v. *Fall River*, 110 Mass. 428.

*Judgment affirmed.*