AMY H. SPROUL AND HANNAH DILTS v. THE BOROUGH OF STOCKTON.

Submitted July 7, 1905—Decided November 13, 1905.

1. An ordinance of the borough of Stockton undertook to make it lawful for the borough council to require the construction of sidewalks by resolution when in their judgment it might be necessary. *Held*, that notwithstanding this ordinance, the council must proceed in accordance with the statute by general or special ordinance to require the construction of a sidewalk.

2. A borough ordinance which makes it the duty of any person having shade or ornamental trees in a street to cut down and remove the same within ten days after notice so to do, is not authorized by the statutory power to regulate the planting and protection of shade trees.

On *certiorari* to review assessment.

Before Justices DIXON and SWAYZE.

For the prosecutors, *H. Burdett Herr.*

For the defendant, *Oliver I. Blackwell* and *George H. Large.*

The opinion of the court was delivered by

SWAYZE, J.   The assessment is for the cost of a new sidewalk and of removing a tree.  It is sought to sustain it under two ordinances.   The first ordains that to provide for the construction, relaying, repairing and keeping in repair the sidewalks on any and all streets, roads and public places in the borough, it shall be lawful for the common council, by resolution, when in their judgment it may be necessary to construct, relay or repair said sidewalks, to order and require the owners of the respective lots fronting on such streets, roads or public places, to construct, relay or repair said sidewalks with the same or any other material, and of such width as they may determine and adjudge that there is a public necessity for so doing.

The ordinance does not provide that any specified sidewalk nor that all the sidewalks in the borough shall be constructed, relaid or repaired.   It seeks only to authorize the common council to act by resolution when in their judgment it may be necessary.   The statute requires that it act by general or special ordinance.  *Pamph. L.* 1897, *p.* 301, § 33, ¶ 3.

It might, under this power, provide for the construction of sidewalks in all streets, or in specified streets, or in a single street, or perhaps in a portion of a street.  But that is not the aim of this ordinance.

There is another objection equally serious.  By the amendment of the Borough act (*Pamph. L.* 1899, *p.* 171), ordinances passed pursuant to section 33 must be preceded by an application in writing for such improvement, describing the nature, kind and extent of the work or improvement desired, signed by at least ten freeholders of the borough residing therein.   There seems to have been no such application in this case.  It is argued that this application is not required when the only thing to be done is to repair the sidewalk. Whether the substitution of a flag sidewalk for a board walk is a repair may well be doubted, but need not be decided, since section 33, paragraph 3, relates to repairs as well as to original construction.

The assessment for the sidewalk was without warrant.

The removal of the tree is justified under an ordinance which makes it the duty of any person having shade or ornamental trees, shrubs or bushes in any street or public grounds to cut down and remove the same within ten days after having been properly notified so to do. The case fails to show that any notice was given. But the ordinance itself cannot be sustained. The statutory power of the council is to regulate the planting and protection of shade trees in the streets and parks. *Pamph. L.* 1897, *p.* 296, § 28, ¶ 1. The attempt of the ordinance is to compel the cutting down and removal of all trees upon notice. This is not protection, but destruction.

The council is empowered to prevent and remove all obstructions, encroachments, encumbrances and nuisances in and upon any street or sidewalk. Such a power is only a police ministerial power to prevent and relieve the public from such obstructions in the enjoyment of their streets as are apparent or readily ascertainable without the necessity of any adjudication. *Associates of the Jersey Company* v. *Jersey City*, 5 *Vroom* 31, 38, 39.

Such a power does not authorize the summary removal of growing trees without notice to the owner. *Avis* v. *Vineland*, 27 *Vroom* 474.

Such trees are not necessarily an unlawful encumbrance or encroachment. In a proper case an action lies in favor of the landowner for their destruction. *Winter* v. *Peterson*, 4 *Zab.* 524.

In the present case no attempt was made to adjudge that the tree in question was an obstruction, encroachment, encumbrance or nuisance. The testimony taken after the destruction of the tree, and after the writ in this case was allowed, cannot take the place of a prior adjudication. The landowner was entitled to notice. *Vantilburgh* v. *Shann*, 4 *Zab.* 740; *Clark* v. *Pierson*, 8 *Vroom* 216; *Dawes* v. *Hightstown*, 16 *Id.* 127.

The assessment must be set aside, with costs.