OLIVER P. HITCHNER ET UX. v. FAYETTE RICHMAN ET AL.

Submitted July 6, 1906—Decided February 25, 1907.

1. The right of a private individual to abate a nuisance in a public highway exists only when such individual is specially, and in some particular way, inconvenienced by it; and even then he can only abate it so far as it is necessary to do so in order to exercise his right of passing along the highway.
2. The power conferred by the legislature upon borough authorities to provide for the removal of encroachments, encumbrances and nuisances in the public streets (*Pamph. L.* 1897, *p.* 296) does not authorize the summary removal therefrom of growing trees.
3. The power of municipal authorities to summarily remove an encroachment in a public highway is capable of exercise only to the extent that the right to do so is clear, or is readily ascertainable without the necessity of adjudication.

---

On error to Salem Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiffs in error, *John W. Wescott* and *Matthew Jefferson.*

For the defendants in error, *Jonathan W. Acton.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The declaration in this case charges the defendants with breaking and entering the close

of the plaintiffs in the borough of Elmer and cutting down and destroying trees standing thereon, and also breaking down and removing a portion of the fence surrounding the enclosure. The defences introduced to the alleged trespass were, *first,* that the trees and fence encroached upon one of the public streets of the borough; that they were unauthorized obstructions to public travel, and constituted a public nuisance which the defendants, in their individual capacity, were justified in abating; and *second,* that in cutting down the trees and breaking down and removing the fence, the defendants were acting under the specific orders of the mayor and council of the borough.

The first of these defences entirely failed at the trial of the cause. The right of a private individual to abate a nuisance in the public highway is not absolute, although it has been sometimes stated to be so, not only by text-writers, but in judicial decisions. The right does not exist unless such individual is specially and in some particular way inconvenienced by it. If he is only injured as one of the public, he can no more proceed to abate it than he can bring an action. *Lansing* v. *Smith,* 8 *Cow.* 146; *Fort Plain Bridge Co.* v. *Smith,* 30 *N. Y.* 62; *Mayor of Colchester* v. *Brooke,* 7 *Q. B.* 377; *Wood Nuis.,* §§ 729–737. And even when he is specially injured by an unwarranted obstruction in the highway, a private person can only interfere with it so far as it is necessary to do so, in order to exercise his right of passing along the highway. *Dimes* v. *Petley,* 15 *Q. B.* 283; *State* v. *Keeran,* 2 *Ames* 497. No attempt was made on behalf of the defendants to show that they were, either of them, in the slightest degree inconvenienced by the presence of the alleged obstructions, and, as individuals, therefore, their removal of them was without legal justification.

Nor were the defendants more successful in establishing the defence that the cutting of the trees and the breaking down and removing of the fence were legally justified by reason of the fact that they were employed to do that work by the mayor and council of the borough. The only proof that they were so employed was the statement of Mr. Camp, one of the defend-

ants, upon the witness-stand, that "they did it by direction of the mayor and council; were ordered by the mayor and council to do it." Conceding that, as this evidence was received without objection, it sufficiently proved the fact stated, it can hardly be accepted as proof that the order was in the form of an ordinance duly passed by council, and yet that is the only method by which the borough authorities are empowered by the legislature to provide for the removal of encroachments, encumbrances and nuisances in the public streets. *Revised Borough Act,* § 28, ¶ 1, *Pamph. L.* 1897, *p.* 296. But assuming, for the purpose of disposing of this second ground of defence upon its merits, that the cutting down of the trees and the removal of the fence were directed by ordinance, such ordinance was invalid. In the case of *Dilts* v. *Borough of Stockton,* 44 *Vroom* 158, this court pointed out that the power conferred by the provision of the Borough act just mentioned is a police power granted to prevent and relieve from such obstructions to the public enjoyment of the streets as are apparent or readily ascertainable without the necessity of any adjudication, and declared that such a power does not authorize the summary removal of growing trees for the reason that such trees are not necessarily an unlawful encumbrance or encroachment. To the same effect is *Avis* v. *Vreeland,* 27 *Vroom* 474.

Nor does the conferring of such a power justify the municipal authorities in summarily removing a structure erected by an abutting owner, under a claim that it encroaches upon the highway. The determination of the question whether such a structure is an encroachment or not, involves the ascertainment of the true location of the line of the highway. To do this requires action of a judicial nature, with respect to which the parties affected have a right to be heard. The power to summarily remove encroachments in a highway is capable of exercise only to the extent that the right to do so is clear, or is readily ascertainable without the necessity of any adjudication. *State Associates, &c.,* v. *Jersey City,* 5 *Vroom* 31; *Dawes* v. *Hightstown,* 16 *Id.* 501. In the present case a principal matter in dispute was whether the fence was within or

without the line of the highway, and the rights of the parties, so far as the removal of the fence was concerned, were, by the charge to the jury, made to depend entirely upon the determination of that question. That body determined it against the contention of the plaintiff, but, as was said in *Dilts* v. *Borough of Stockton, supra,* that determination cannot take the place of the prior adjudication to which the plaintiffs were entitled.

Both of the defences set up to the plaintiffs' cause of action having failed they were entitled to have the jury directed to return a verdict in their favor. The refusal of their request that such binding instruction be given was injurious error for which the judgment under review must be reversed.