FRANCIS S. GREEN v. THE TOWN OF IRVINGTON.

Submitted December 6, 1907—Decided February 24, 1908.

1. An adjourned meeting of a board of councilmen, or other governing body of a municipality, is a mere continuance of an original meeting, and any business which might have been transacted at the original meeting may be transacted at the time to which that meeting is adjourned.
2. The value of shade trees is properly included in the award of damages in condemnation proceedings to widen an avenue, notwithstanding that by such widening they would have constituted an obstruction to travel which the municipality would have been entitled to remove as such. The right to remove is exercisable under the police power, and that right cannot be invoked for the purpose of reducing the compensation which a municipality is required to make when it exercises the power of eminent domain.
3. Where a strip of land is taken by a municipality from the front of the lot of an abutting owner, for the purpose of widening a public street, and such widening leaves the remaining portion of the lot above the street level, the landowner is entitled to have the cost of grading the lot to meet the changed conditions considered in determining the compensation to which he is entitled for the taking.

On error to the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the plaintiff in error, *Adrian Riker.*

For the defendant in error, *Herbert Boggs.*

The opinion of the court was delivered by ·

GUMMERE, CHIEF JUSTICE. The judgment under review was entered against the town of Irvington in an action brought by the plaintiff under the provisions of the sixty-third section of an act providing for the formation, establishment and government of towns. *Gen. Stat., p.* 3539. The purpose of the suit was to recover the value of a strip of land along the front of the plaintiff's lot, condemned by the town

for the widening of Stuyvesant avenue, and the damage done to the remainder of the lot by the taking.

The first assignment of error challenges the right of the plaintiff to avail himself of this statutory remedy. This point was raised before the court below, but was there overruled, exception on the ruling being allowed. The scheme of condemnation provided by the statute requires the appraisal by the commissioners of assessment of the town of the value of the land taken and the damage done by the taking; the report of their appraisal and award by the commissioners to the town council; the fixing by the council of a time and place for the hearing of objections to the confirmation of the report; the giving of public notice of such time and place; the presentation to the council by dissatisfied property owners, at the time and place designated, of their objections in writing, and final action upon the objections and the report of the commissioners by the council. The sixty-third section then provides that any person who shall have presented written objections to an award at the time and place designated in the notice may, if he is dissatisfied with the determination of the council thereon, commence an action on contract against the town, which shall proceed in all things as if the town had, upon taking the real estate required for the improvement, agreed in writing to pay therefor the value thereof and the damage done by taking the same. In the present case the undisputed proofs showed that the time fixed for hearing objections to the commissioners' award was the 6th of June, 1905; that at that time the town council adjourned the hearing of objections to June 13th, and then to June 27th; that on the last-mentioned date, and not before, the plaintiff submitted written objections to the award, which were received and acted upon by the town council.

The argument now presented upon behalf of the town is that the requirement of the statute that the objections of a dissatisfied property owner shall be presented at the time and place fixed for the hearing and specified in the notice is a condition precedent to the right of such property owner to bring suit under the sixty-third section of the act, and that

this condition must be performed in strict accordance with the letter of the act; that the plaintiff, in order to entitle him to the right to sue, was required to present his objections to the council at their meeting of the 6th of June; that his submission of them at an adjourned meeting was not a performance of the statutory condition, and did not put him in a position to avail himself of the right given by section 63.

The acceptance by the town council of objections to an award of commissioners, although presented at a meeting subsequent to that fixed for the hearing of such objection and action thereon by the council, may very well be considered a waiver by the town of its right to insist upon a strict observance by the objector of the statutory condition. But this we are not called upon to decide, as the case before us does not present this situation. An adjourned meeting is not a new meeting, but a mere continuance of an original meeting (*State* v. *Jersey City*, 1 *Dutcher* 309, 312), and any business which might have been transacted at the original meeting may be transacted at the time to which the meeting is adjourned. *Dill. Mun. Corp.* (*4th ed.*), § 287. The very purpose of continuing a meeting such as that of June 6th is to afford time to all parties who desire to object to the confirmation of the award to submit their objections and be heard thereon, a single sitting of council being usually insufficient for the purpose. The presentation by the plaintiff of his objections was made in strict compliance with the statute.

The second assignment of error attacks a ruling of the trial court permitting the jury to include in their verdict the value of certain shade trees which, before the widening of the avenue, stood upon the curb line in front of the plaintiff's lot. By the widening these trees were brought within the roadway of the avenue, and if permitted to remain there would have constituted an obstruction to travel thereon. For this reason they were cut down by the town and removed. The title to the trees, although they were standing in the highway, was in the plaintiff. *Winter* v. *Peterson*, 4 *Zab.* 524; *Dilts* v. *Stockton*, 44 *Vroom* 158. This is not controverted by the plaintiff in error, but it is insisted that be-

cause they would have constituted an obstruction to travel if permitted to remain in the highway the municipality was entitled to remove them without making compensation. Conceding the power of a municipality to remove from a highway trees which constitute an obstruction to public travel, the power thus exerted is the police power, and the right to exercise the police power cannot be invoked for the purpose of reducing the compensation which a municipality is required to make when it exercises the power of eminent domain. When it takes the property of the individual for public use it must pay him the value of the property taken, and in the present case these trees were a portion of the property taken by the town in the widening of Stuyvesant avenue. The trial court properly permitted their value to be included in the verdict of the jury. *White* v. *Foxborough,* 151 *Mass.* 28, 40.

The third and last assignment of error was directed at the ruling of the trial court allowing the jury to take into consideration the cost to which the plaintiff was put in grading his land and putting in steps to connect the path leading to his house with the street, these things being made necessary by the lowering of the level of the street in front of his property. This assignment is rested upon the theory that these expenditures were not made necessary by the taking of the part of the plaintiff's land, but by a change of the grade of the street, and that for this reason they did not constitute a part of the damage resulting from the taking. But the change in the level of Stuyvesant avenue in front of the plaintiff's property was a mere incident to the widening of the street at that point, and not the result of an alteration of its grade, that grade remaining unchanged, except in front of plaintiff's lot. The proofs showed that the plaintiff's lot sloped down toward the street, and, before the street was widened, reached the street level at its exterior line. The taking off of a strip along the front of the lot for the widening of the street necessarily left the remaining part of the lot above the street level. The taking made it necessary for the plaintiff to grade what was left of his lot in order to bring it to the street level, even if that level had remained

unchanged. The lowering of the street in front of the plaintiff's property only increased the amount of grading to be done. The cost of putting his lot in shape to meet the changed conditions of the highway was a proper element to be considered by the jury in determining the amount of the damage sustained by him by the taking. *White* v. *Foxborough, supra; Fall River Print Works* v. *Fall River,* 110 *Mass.* 428.

The judgment under review will be affirmed.