MARY L. DORSEY *vs.* HENRY F. CORKERY & others.

Suffolk.    March 19, 1917. — June 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Pleading and Practice,* Plea in bar, Appeal. *Equity Jurisdiction,* For appointment of trustee under written instrument. *Probate Court,* Jurisdiction. *Trust.*

Where the defendant in a bill in equity in the Supreme Judicial Court under R. L. c. 147, § 5, for the appointment of a trustee under a written instrument to fill a vacancy caused by the resignation of a former trustee, the instrument making no provision for such appointment, files a plea in bar, if the plaintiff sets the plea down for a hearing, he admits, for the purpose of the hearing, the truth of the allegations therein; and if upon such hearing the plea is adjudged insufficient in point of law, it should be overruled, but, if it is adjudged sufficient in point of law, the plaintiff may take issue upon the facts alleged in it, and, if the facts are found to be as the defendant alleges, the bill should be dismissed.

If, upon the filing in the Probate Court of a petition under R. L. c. 147, § 5, for the appointment of a trustee under a written instrument to fill a vacancy caused by the resignation of the former trustee, the instrument making no provision for such appointment, that court orders a citation to issue, the proceedings thereupon are pending in that court, which thus acquires exclusive jurisdiction of the subject matter of the petition; and such pendency is a bar to a bill in equity thereafter brought in the Supreme Judicial Court as to the same subject matter.

Upon an appeal from a decree in equity, only the record of the case is transmitted to this court, and it is wholly irregular for the parties by an agreement among themselves without the assent of the judge of the trial court to attempt to add facts to the record.

BILL IN EQUITY, filed in the Supreme Judicial Court under R. L. c. 147, § 5, seeking the appointment of a trustee under a

written instrument to fill a vacancy caused by the resignation of the former trustee, the instrument making no provision for the appointment.

The defendants filed a plea in bar, described in the opinion. A final decree was entered overruling the plea and appointing a trustee. The defendants appealed.

R. L. c. 147, § 5, is as follows: "If a trustee under a written instrument declines, resigns, dies or is removed before the objects of the trust are accomplished and such instrument makes no adequate provision for supplying the vacancy, the Supreme Judicial Court, the Superior Court or the Probate Court shall, after notice to all persons interested, appoint a new trustee to act solely or jointly with the others as the case may be."

*F. G. Bauer,* for the defendants.

*C. M. Davenport,* for the plaintiff.

Pierce, J. This is a bill in equity under R. L. c. 147, § 5, to fill a vacancy caused by the resignation of a trustee under a written instrument which makes no adequate provision for supplying the vacancy. The bill was filed in this court on March 23, 1916, by the defendant in the suit of *Corkery* v. *Dorsey,* 223 Mass. 97, then pending, after rescript, before a single justice, but was not filed by the direction of the justice or in connection with the pending suit.

On March 24, 1916, the present appellants filed a plea in bar wherein in substance it is alleged that the appellants filed a petition on March 16, 1916, in the Probate Court of Suffolk County, for the appointment of a new trustee to fill a vacancy arising from the resignation of the former trustee, that said court had taken jurisdiction of the subject matter and of the parties, and that the petition was still pending in that court. No replication was filed. The plea was set down for hearing, came on to be heard and was argued by counsel; and thereupon, on March 28, 1916, upon consideration thereof, the single justice by a final decree "ordered, adjudged, and decreed that the respondents' plea in abatement and motion to dismiss be, and the same hereby are, overruled;" and by the same decree appointed a new trustee to fill the vacancy in succession to the old trustee resigned. The defendants duly appealed to this court.

The only question before us is whether the decree is justified by the record. The plaintiff by setting the plea down for argument admitted the truth of all the facts stated in the plea. The inquiry thereupon is substantially the same as on a demurrer in an action at law. If held insufficient in point of law, the plea is overruled and the cause proceeds as if no such plea had been filed; but if held sufficient, the plaintiff may take issue upon it, and if found for the defendant will determine the suit. *Newton* v. *Thayer*, 17 Pick. 129. *Davison* v. *Johnson*, 1 C. E. Green, 112. *Farley* v. *Kittson*, 120 U. S. 303.

Upon the admitted facts the Probate Court, having concurrent jurisdiction with this court, received the first application for the appointment of a trustee under R. L. c. 147, § 5, and ordered a citation to issue; proceedings thereon were pending when the bill in equity for a like appointment was made in this court and when the plea in abatement was filed. It follows that the Probate Court acquired exclusive jurisdiction to act on the petition. The plea should have been sustained. *Stearns* v. *Stearns*, 16 Mass. 167. *Miller* v. *County Commissioners*, 119 Mass. 485. *Brockton* v. *Cross*, 138 Mass. 297. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 221.

After the appeal was taken the counsel for the respective parties, without the sanction of the justice who heard the case, made an agreement that certain "facts which took place at the hearing before the single justice shall be added to the printed record, to be considered by the full court so far as it may deem them relevant to the matter at issue." "This proceeding was wholly irregular. An appeal from a decree of a single justice brings up merely the record of the case, and parties cannot, at least without the sanction of the single justice, add to or diminish the record." *Commonwealth* v. *Suffolk Trust Co.* 161 Mass. 550.

The decree must be reversed with leave to the plaintiff to join issue if so advised; otherwise, the bill in equity in the county court should abate.

*Decree accordingly.*