Briggs, J.
This is an action of contract in which the plaintiff seeks to recover five hundred and seventy-five dollars for services rendered to the defendant. The defendant was defaulted. The date of the writ was September 23, 1933. On September 26, 1933 the writ was served on the Wellesley Fruit Company, named as trustee — which company answered that it had no goods, effects or credits the property of the defendant at the time of the service of the plaintiff’s writ.
The trustee filed a motion to be discharged and a hearing was had on that motion. At this hearing it was agreed that prior to the bringing of this action to wit, on February 17, 1932 there had been brought in the Norfolk Superior Court a Bill in Equity by the Wellesley Fruit Company against the aforesaid James K. G-eorgas, as defendant, and that this case had been referred to Clifford B. Sanborn, Esq., as Master. There was also pending in the District Court of Northern Norfolk, of which said Clifford B. Sanborn is the Presiding Justice, an action in which, said Georgas was a plaintiff and said Wellesley Fruit Company was the defendant. Obviously the equity proceedings antedated the District Court case since the claim upon which the latter was brought did not accrue until March 6,1932.
At the beginning of the hearings in the equity case before the Master it was agreed that the two cases be heard together, so that in addition to the report in the equity case a finding might also be made in. the case pending in the District Court.
*91 The Master found that the Wellesley Fruit Company was entitled to damages in the sum of $1529.50 from the respondent Georgas, and it was found that Georgas as plaintiff in the case pending in the District Court was entitled to damages in the sum of $454.46 with certain interest against the Wellesley Fruit Company. Thereafter, however, a Final Decree was entered in the Equity Case, a part of which ordered that the defendant (Georgas) pay to the plaintiff the sum of $1529.50, the amount of the damage suffered by the plaintiff, less the sum of $454.46, with interest from March 6, 1932, until the date of this decree; that the note for $3,500.00 of the plaintiff (Wellesley Fruit Company) now held by the defendant (Georgas) be cancelled and delivered up to the plaintiff, and that the plaintiff be awarded his costs in the sum of $21.05 and have execution therefor. This decree was confirmed by Williams, J. April 16, 1934. The decree treats the $454.46 as being payable on March 6,1932. This sum (of $454.46) with interest from that date, has not been paid except insofar as said sum may be affected by the decree. This sum was the balance of a promissory note of $3500.00 referred to in the equity decree, the note being-dated September 6, 1930, the installment being due on March 6,1932.
At the hearing on the motion to charge the trustee an attested copy of the Final Decree above referred to was introduced in evidence and the motion to discharge the trustee was allowed.
The sole question presented is whether the allowance of the motion, to discharge the trustee was error. We cannot say that it was. It appears by the record that the Wellesley Fruit Company brought its bill in equity against Georgas on February 17, 1932. It appears to be the first litigation between them. The decree therein, made a part of this report, finds certain sums due the complainant, and *92 reduces this amount by ordering the payments of a certain smaller amount by the defendant therein (and plaintiff in the District Court action). Whether the finding for the plaintiff in the District Court should have been made is not before us. It is a general principle that as between courts of concurrent jurisdiction, the court that first obtains possession of a transaction shall dispose of it without interference from other courts. Its authority is paramount. Stearns v. Stearns, 16 Mass. 167, 121. O. D. Copper etc. v. Bigelow, 203 Mass. 159, 221. City of Brockton v. Cross, 138 Mass. 297. Miller v. County Com., 119 Mass. 485.
It must be assumed that the Equity Court, ordering a credit of $454.46 against the amount found due to the plaintiff, did so properly and within the scope of the pleadings before it and that the decree was not broader than the issues presented. Weiner v. Schulte, Inc., 275 Mass. 379. Todd v. Bradstreet Co., 253 Mass. 138.
It could well be said that on March 6,1932 (the due date) the $454.46 was applicable under the equity proceedings as a credit to the accounts existing between the parties to the Bill in Equity filed February 17, 1932, and was therefore not subject to trustee process of this plaintiff on September 26, 1933. The validity of the attachment must be determined by the state of facts existing when made. O’Brien v. Collins, 124 Mass. 98.
Apart from the statutory right to set off executions the courts have common law power to provide for set-offs of judgment. It is to be exercised in accordance with justice and equity. Goldman v. Noxon, 274 Mass. 526. Old Colony Trust Co. v. Nat’l Picture Bureau, 274 Mass. 377. Chipman v. Fowle, 130 Mass. 352.
Nothing could be more inequitable than that a man having a judgment against another, to whom he is indebted by a judgment in a larger sum, should be able to execute his *93 judgment upon Ms debtor, and leave Mm to the hazard of obtaimng satisfaction from one who may be insolvent. The Superior Court properly credited the amount that Georgas owed to this trustee in the accounts as existing between them prior to the service of trustee process, and it was therefore not error to discharge the trustee.
Report dismissed.