JUDGE BULLITT
delivered the opinion op the court:
The appellants obtained a judgment against the appellees for a tract of land, claimed by the appellants as heirs of the patentee, Daniel Henry.
The appellees claimed the land, or most of it, under a junior patent to one Bryant. One of the links in their chain of title is a deed alleged to have been executed, in T815, by the sheriff of Greenup county, conveying the land to John Young, in pursuance of a sale of it to him, in 1806, by the sheriff of said county, for taxes alleged to be due from Bryant to the Commonwealth for the year 1804. Young.’s interest in the-land *324 was passed to the appellees by several successive conveyances, properly executed and recorded. But it does not appear that the sheriff had authority to sell the land for taxes. On the contrary, it was proved, by the auditor of the State, that no list of said land for taxes, for the year 1804, or any other year, was registered in the auditor’s office or returned thereto, as required by the 7th section of the act of 1797. (2 Litt. L., 319.) In view of this evidence, and in the absence of proof that such list was delivered to the sheriff, or to the clerk of the county court, as directed by said section, it must be assumed that the sheriff had no authority to make the sale.
The only question that we need to consider is, whether or ■not, under the circumstances mentioned, the appellees are “occupying claimants,” and as such entitled to the benefit of chapter 70 of the Revised Statutes, the 1st section of which thus describes those for whom it provides: “If any person, believing himself to be the owner, by reason of a claim, in law or equity, the foundation of which being of public record, hath, or shall hereafter, peaceably seat and improve any land, but which land shall, upon judicial investigation, be decided to belong to another, the value of the improvements shall be paid by the successful party to the occupant,” &c.
The appellees contend that, though they did not acquire Bryant’s title, yet, as Young claimed it, and as they acquired Young’s supposed right to it, they believed that they owned it, and are, therefore, entitled to the benefit of the statute.
Even if the belief of a claimant, that he owned the land? could bring him within the statute, we could not, perhaps, decide that the appellees are within it, because, upon the facts before us, it seems impossible for us to decide what was their belief on that subject. The fact that they purchased Young’s claim does not prove that they regarded it as valid. The desire to extend their possession to a certain boundary, or to connect their possession with that of Young, or his vendors, or some other motive, may have induced them to purchase his claim, though they may have believed or known that he did not hold Bryant’s title.
*325 But, in our opinion, the statute does not make the right of a claimant depend upon his belief concerning his title. Had it done so, the question, whether the junior patentee, before obtaining his patent, or his vendee, before purchasing, had notice of the senior patent, would be material in such cases. We have seen no case, howmver, in which that question was deemed material. It would be impossible for the court, in any case, to determine what was the secret belief of a claimant concerning his title. The belief referred to in the statute is a belief which may be judicially ascertained, and which, therefore, must be founded upon the fact that the occupant holds a title granted by the Commonwealth. Of course he need not show that he has a valid title. The statute was designed to relieve occupants holding apparent, but invalid, titles granted by the Commonwealth. It is sufficient for the claimant to show that he held such an apparent title when he improved the land. But it is not sufficient for him to show that he apparently held such an apparent- title. It is clear, from the language of the statute, that “believing himself to be the owner” is not sufficient to entitle the occupant to the benefit of its provisions. He must so believe “by reason of a claim, in law or equity, the foundation of which [is] of public record.” The “foundation” referred to by the statute is a grant from the Commonwealth. (Clay vs. Miller, 4 Bibb, 461; Lewis' heirs vs. Singleton's heirs, 2 A. K. Mar., 214.) The claimant must, therefore, show that he believed himself to be the owner of the land, by reason of a claim founded upon a grant from the Commonwealth. In order to do so, he must, necessarily,'connect himself with the grant, by showing that he held the title which it granted.
In Lewis' heirs vs. Singleton’s heirs it was held that the statute was intended to apply only to contests between claimants under different grants from the Commonwealth, and not to contests between adverse claimants under the same patent; and the court said: “Consistent with this intention, we conceive, are the expressions of the act in question, ‘supposing them to be his own, by reason of a claim in law or equity, the foundation of such claim being of public record.. If, in scrutinizing *326 his title, either legal or equitable, he could arrive at the foundation, without defects, in some public record, or, in other words, in some office where the appropriation was allowed to be made, he should then claim under the act,” &e.
In Clay vs. Miller the facts are, that Williams, claiming the land in contest under the patent of Russell, conveyed it to the defendant, Miller; but it was proved that Russell’s patent did not include the land. The court, attaching no importance to the question, whether or not Miller believed himself to be the owner of Russell’s title, said: “If the claim should be deduced from the Commonwealth, it is perfectly clear that Miller has not brought his case within the law: for, although he claimed the land under a deed regularly recorded, and that deed actually covers the land in contest, yet it is incontestably shown that Williams, from whom he obtained the deed, had neither a legal nor equitable title. Williams, it is true, claimed the land through Russell, who is shown to have held a patent from the Commonwealth; but it is clearly proved that Russell’s patent does not include the land on which the improvements were made. The foundation of Miller’s claim is, therefore, the deed from Williams, unconnected with any deduction of title Irom the Commonwealth; and as such we cannot suppose that he has brought himself within the occupying claimant law.”
Those cases arose under the act of. 1812, (2 S. L., 1231,) the provisions of which, with reference to the question under consideration, are substantially the same as those of the Revised Statutes. Though they differ from this case, we regard them as proving that the question here is, not whether the appellees believed themselves to be the owners of a title granted by the Commonwealth, but whether or not they were the, owners of such a title.
The appellees having failed to “arrive at the foundation,” contemplated by the statute, having failed to deduce a title from the Commonwealth, and having held the land, not under Bryant’s patent, but under Foung’s deed and adversely to Bryant’s title, rheir case is not within the statute.
*327 The judgment is reversed, and the cause remanded with directions to quash the inquest, and for other proceedings not inconsistent with this opinion.