### George L. Montague *vs.* Lydia L. Dawes.

An entry for foreclosure of a mortgage which contains a power of sale, and a taking of rents and profits which are insufficient to discharge the mortgage debt, will not prevent the mortgagee from subsequently making a valid sale of the mortgaged premises under the power of sale.

A valid title will pass by a sale of mortgaged premises, by an assignee of the mortgage to a *bona fide* purchaser without notice, under and in pursuance of the provisions of a power of sale contained in the mortgage, although payment of the mortgage debt has been tendered to such assignee, if not immediately followed by a suit to redeem, founded thereon; or if, in pursuance of the provisions of the power of sale, the assignee is himself the purchaser, and the title is made to him according'y, he by his deed may thereafter convey a good title to a *bona fide* purchaser from him without notice.

The omission to record the assignment of a mortgage which contains a power of sale will not prevent the assignee from selling the mortgaged premises, under a power of sale contained in the mortgage, if nobody is misled thereby.

Colt, J. The plaintiff seeks to redeem a mortgage with power of sale, given to Samuel Rice to secure a note of $600, dated January 8th 1861, payable in one year. The note and

mortgage were given to Rice to be held by him as collateral security for a note of $400 of the same date, and payable in four months, (which was subsequently renewed for two months longer,) with power to sell and dispose of the same at his discretion, provided the $400 note was not paid at maturity. The note and mortgage were transferred when overdue, June 19th 1862, to Henry Dawes, who on the 11th of August following, by virtue of a sale under the power, conveyed the mortgaged premises to John D. Dunbar, who purchased the same, it seems, at the request of Dawes and on his account, and conveyed the same August 20th 1862 to Dawes, who conveyed to one Hassam July 15th 1864, from whom the defendant claims title by deed of the same date. Neither of the notes has been paid. After the maturity of these notes, and after Rice had entered to foreclose his mortgage and had taken some steps to sell the $600 note, namely, on the 27th of March 1862, an instrument of release under seal was executed and delivered by the plaintiff, by which he confirmed for good and valuable consideration absolutely unto said Rice, his heirs and assigns, the said mortgage and note of $600 ; and the $400 note was thereupon given up to the plaintiff. After the assignment of the note and mortgage to Dawes, and just before the sale under the power, namely, July 1st 1862, the plaintiff offered to pay Dawes the amount due on the $400 note, and release the land, but Dawes said that he was entitled to the amount due on the $600 note, and declined to receive the amount tendered in satisfaction. The plaintiff now insists that he has the right to redeem on payment only of the amount due, after proper allowances, on the original $400 note. And the defendant contends that the plaintiff has lost all right in equity to redeem, and that she is absolute owner of the estate.

There is some conflict in the parol evidence offered as to the nature of the transaction and release of March 27th, and much discussion as to its effect. It is said that, whatever force is to be given to it in equity, Rice could not be thereby deprived of his original right to dispose of the note and mortgage in his discretion as collateral, accounting to the plaintiff for whatever he

might get for it over the amount due on the $400 note; that the whole purpose of the original arrangement was to give Rice as agent of the plaintiff the power to dispose of the note and mortgage for its full face; and that the note is not therefore subject to the usual equities that arise upon overdue notes. If this be so, then of course the tender to Dawes was wholly unavailing. But we have not thought it necessary to consider more particularly this part of the case, as the rights of the parties seem to be determined by other and more obvious considerations.

Assuming, therefore, that Dawes could only hold for $400, and that the tender of July 1st was well made and sufficient to save a forfeiture and defeat the power to foreclose by sale, yet we think such tender, which was wholly a matter *in pais*, not immediately followed by suit to redeem founded thereon, cannot affect the rights of any party coming into the title under the power of sale in good faith, without notice, actual or constructive, of it, and so of the other facts of the like description, now relied on to defeat the title under the power of sale. For aught that appears in this case, this defendant holds the premises as a purchaser for good consideration without notice. The bill traces the title of the defendant through this sale under the mortgage, treating it as a valid transfer. It nowhere charges that the sale was wrongfully made by Dawes. It does not allege that a tender was made, or that there was any irregularity in the proceedings. There is no averment that the defendant is not a purchaser in good faith for value, without notice. The defendant, on the other hand, in her answer, sets up the sale as wholly regular and in conformity with the power of sale, and avers that the notices and affidavit required by statute were duly made and recorded, in proof that the power was duly executed. And nothing appears, in the report of the master or otherwise, showing that the defendant did not purchase for a valuable consideration moving from her, without notice.

It is urged that the sale was irregular because the assignee of the mortgage was himself the purchaser through his agent Dunbar; but the answer to this, as before suggested, is, that the

defendant is not to be prejudiced by it without notice ; and besides, the power of sale in express terms authorizes the mortgagee or his assignee to become the purchaser at the auction sale under it. Nor do we see that the fact that Rice had before his assignment entered for the purpose of foreclosure, and filed in the registry of deeds the certificate required by law, would prevent a sale under the power. If the mortgagee or the assignee had received under such possession any rents and profits, they would go to reduce the amount due, but would not deprive him of his right to sell, if anything remained due. It seems that the assignment from Rice to Dawes was not recorded until after the sale, but we can see no good reason why this fact alone, unaccompanied with the suggestion that it was not recorded from improper motives, or that in some way the circumstance actually affected the sale by misleading purchasers or otherwise, should operate to defeat a title acquired under it, and in favor of this plaintiff, who it seems had actual notice of the unrecorded assignment, and, as appears by the answer and recorded proofs of the sale, personal notice, in addition to the public notice by advertisement of the time and place of sale. Indeed, if the necessities of the case required, it might be well contended that, under the circumstances, it was the manifest duty of the plaintiff, if he intended to rely on his right to redeem the premises against a purchaser at the sale, to attend the sale and give notice of his purpose, and that in equity he will not be now entitled to relief, having neglected with reasonable diligence to assert his equitable title, and waited until the owner may have added largely to the estate, or it has increased in value by a general rise, before bringing his bill. But however this may be, the considerations before stated are decisive.

*Bill dismissed, with costs.*

*R. M. Morse, Jr.*, for the plaintiff, cited, upon the points decided, *Hoffman* v. *Anthony*, 6 R. I. 282 ; *Howard* v. *Ames*, 3 Met. 308 ; *Middlesex Bank* v. *Minot*, 4 Met. 325 ; *Davoue* v. *Fanning* 2 Johns. Ch. 252, 270 ; 1 Washburn on Real Prop. 500 ; 4 Kent Com. (6th ed.) 144 ; Story on Agency, §§ 210–212.

*T. S. Dame*, for the defendant.