### Charles J. Lord *vs.* George T. Hartford.

Suffolk. November 17, 1899. — March 1, 1900.

Present: Holmes, C. J., Morton, Barker, Hammond, & Loring, JJ.

*Pledge — Purchase by Pledgee at Foreclosure Sale — Right of Action by Pledgor.*

A pledgee is precluded from buying at a foreclosure sale of the property pledged, whether the sale is held under Pub. Sts. c. 192, §§ 10, 11, or under the contract of pledge, or otherwise.

The doctrine that where a pledgor seeks to follow the pledged property bought in by the pledgee and to assert title to it in the hands of a third person the sale

will be treated as voidable only, has no application to an action by the pledgor to recover from the pledgee damages caused by a wrongful sale of the property pledged.

CONTRACT, to recover the value of a mortgage given by Albert H. Greenough upon certain real estate in Boston, to secure the payment of a promissory note for $1,300, with counts in tort for the conversion of the same. Trial in the Superior Court, without a jury, before *Gaskill*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff introduced in evidence a certified copy of the mortgage, and àn assignment thereof from the plaintiff, in the name of Anna B. Pinkham, to the defendant, absolute in form, and also, against the objection of the defendant, was allowed to introduce in evidence a promissory note dated March 26, 1898, for the sum of $450, payable to the defendant three months after date, with interest at one per cent per month, and signed by the plaintiff, and also the following paper, dated March 26, 1898, and signed by the defendant: " Received of Charles J. Lord an assignment of $1,300 mortgage from Anna B. Pinkham as collateral security, on a loan of four hundred and fifty ($450) dollars for three months, with interest at one per cent a month, which mortgage I agree to deliver to the order of the said Lord upon the payment to me of the said $450 and interest as above." To the admission of these last mentioned papers the defendant excepted.

The plaintiff also showed that the mortgage in question was subject to a first mortgage to secure $9,500, and a second mortgage to secure $2,000 on the same premises, both of which were outstanding, but on which the interest had been paid.

The plaintiff testified in substance that on January 6, 1899, he tendered the defendant $500 and said to him, " I have come for the papers and note "; and that the defendant said, " I have sold it, and will have nothing to do about it. It was bought in by me and I have sold it." On cross-examination, the plaintiff testified in substance that he had not paid anything upon the note; that the defendant had demanded payment thereof; and that on September 17, 1898, he had a written notice served on him that the collateral security given to secure the payment of his note for $450 would be sold on November 19, 1898, at public

auction, for the purpose of foreclosing the pledge, signed by the defendant. The plaintiff testified further that he was present at the time and place of the sale of the mortgage, and produced the notice of the pendency of a bill in equity brought by him and another against the defendant in the Superior Court, and that an injunction had been ordered to issue, and gave the same to the defendant's attorneys; that thereupon the sale was adjourned one week to the same hour and place; that the conditions upon which the injunction was to issue not having been complied with by him, and the injunction not having been issued, he was present at such time and place, and the mortgage was sold by an auctioneer and was bid off by Mr. Gove; and that he did not bid himself, and did not offer to pay the $450 note and interest, but objected to the sale, and contended both then and afterwards that it was illegal.

Isaac S. Cohen, a witness called by the plaintiff, testified to the tender of $500 on January 6, 1899, and that the defendant declined it, saying he had sold the mortgage. The plaintiff also introduced in evidence, against the objection of the defendant, an assignment of the mortgage and note by the defendant to one Reed, dated December 9, 1898. The plaintiff called as a witness Howard E. Cook, who testified that he negotiated the loan from the defendant to the plaintiff of the $450, and wrote the note and the assignment of the mortgage to the defendant, and the agreement from the defendant to the plaintiff; and that he was a dealer in real estate and acquainted with values and with the value of the property covered by this mortgage; and, against the objection and exception of the defendant, was permitted to give his opinion of the value of the mortgaged property; and the plaintiff was also allowed, against the objection of the defendant, to testify that he had sold the mortgaged property for $15,000.

The defendant called as a witness Horace D. Gove, who testified that he, as attorney for the defendant, made the notice of the foreclosure sale testified to by the plaintiff, and served the same on the plaintiff on September 17, 1898, and left the same in the city clerk's office, in Boston, on September 19, for record; that on November 19, 1898, the day of the sale, and just before twelve o'clock, noon, he received the notice of the pendency of

the bill in equity above mentioned; that thereupon he had the sale adjourned one week, at which time and place, no injunction having been served on the defendant and no further notice having been given of the pendency of the suit in equity, and no payment of the sum due having been made, he had the sale proceeded with, and the mortgage was put up at auction by a duly licensed auctioneer, and bids called for; and that, after several bids were made, it was struck off to the witness, he being the highest bidder; that he bid it in for the defendant; and that the plaintiff was present at the sale, and made no protest or objection and did not bid.

The defendant testified that when he loaned the $450 on the mortgage he was told by Cook, the broker who negotiated the loan for the plaintiff, that there was only a prior mortgage of $9,500 on the premises, but that afterwards he learned of the second mortgage of $2,000; that, had he known of it, he should not have made the loan; that he was acquainted with the values of real estate in that vicinity; and that the value of that property did not exceed $12,000, and the mortgage would have little or no market value.

The defendant requested the judge to rule as follows: "1. The assignment of the $1,300 mortgage and note being an absolute assignment, and the plaintiff taking back the agreement for defeasance, made the transaction a mortgage of the $1,300 mortgage and note; and the only remedy to the plaintiff under such a mortgage is a bill in equity to redeem, and no action of law can lie. 2. The notice to the mortgagor of the $1,300 mortgage, and demand for the payment of the same having been made, and no payment being made in sixty days from the date of the recording thereof, which was September 19, would foreclose such mortgage, it being a mortgage of personal property, and on November 19, 1898, the plaintiff's right to redeem the first mortgage had expired. 3. There being no provision in the statute prohibiting the purchase of the mortgaged or pledged property upon a sale for foreclosure by the mortgagee or pledgee, or any attorney or agent for him, this sale is not invalid unless fraud in the sale or manner of notice is proved, and the purchase by Mr. Gove for the defendant in this case is valid and forecloses the mortgage or pledge. 4. The tender,

if any was made in this case, being more than ninety days after the notice of sale, was an unreasonable delay, and the plaintiff is estopped from setting up any such tender.   5.   Upon all the evidence in the case this action cannot be maintained."

The judge declined so to rule; ruled that the transaction constituted a pledge; and found for the plaintiff.   The defendant alleged exceptions.

*R. Lund,* for the defendant.

*E. Lowe,* for the plaintiff.

LORING, J.   The defendant's first contention is that Pub. Sts. c. 192, §§ 10, 11, had not been enacted when *Middlesex Bank* v. *Minot,* 4 Met. 325, was decided, and that the rule applied in that case does not apply to a sale made under the provisions of the subsequent act.   It is true that Pub. Sts. c. 192, §§ 10, 11, had not been enacted in 1842, when *Middlesex Bank* v. *Minot* was decided; those provisions were originally enacted in 1859; Gen. Sts. c. 151, §§ 9, 10; but a pledgee is just as much precluded from buying in at a foreclosure sale under the act, as in a foreclosure sale held under the contract of pledge, or otherwise.   A pledgee is precluded from buying the property pledged at a foreclosure sale, on the ground that his duty to the pledgor is inconsistent with his interest as a purchaser.   His duty to the pledgor is to get the highest price which he can reasonably get for the property pledged, and his interest as a purchaser would be to buy the property as cheaply as he could.   The conflict between his duty and his interest is the same, whether he sells under the statute or otherwise.

The other contention of the defendant is also not well founded.   It is true that in an action, in which the plaintiff pledgor seeks to follow the property bought in by the pledgee and to assert title to it in the hands of a third person, it has been held that the purchase is voidable, not void; *Blood* v. *Hayman,* 13 Met. 231; *Burns* v. *Thayer,* 115 Mass. 89; and that the right to avoid the sale, if not exercised within a reasonable time, is lost.   *Learned* v. *Foster,* 117 Mass. 365.   These cases are based upon the regard which the law has for the intervening rights of the purchaser for value, without notice or knowledge of any defect in the exercise by the pledgee or mortgagee of the power of sale given him; *Silva* v. *Turner,*

166 Mass. 407; *Rogers* v. *Barnes,* 169 Mass. 179, 183, 184; and have no application to the action at law by the pledgor to recover from the pledgee damages caused by a wrongful sale of the property pledged. *Middlesex Bank* v. *Minot,* 4 Met. 325. *Fletcher* v. *Dickinson,* 7 Allen, 23.

*Exceptions overruled.*