JOSEPH B. SPEAR, administrator, *vs.* MARCELLUS COGGAN & another.

Suffolk.    November 12, 1915. — March 2, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Lis Pendens. Equity Jurisdiction*, For an accounting, Defence of pending action at law. *Election. Equity Pleading and Practice*, Decree.

In a suit in equity against an administrator upon the termination of a trust to compel an accounting and the payment of the trust fund to the parties entitled to it, it is a defence that the plaintiff has brought an action of law against the defendant for the same cause of action which still is pending; but the court of equity, instead of dismissing the bill outright by reason of the pendency of such an action, will give the plaintiff a chance to elect whether he will proceed at law or in equity, and will order in substance that the bill be dismissed unless within a reasonable time the plaintiff shall discontinue his action at law.

RUGG, C. J. This is a suit in equity which in substance, as amended, sets out the establishment by parol of a trust for the benefit of the plaintiff's intestate, the remainder to be paid to her estate at her decease, the receipt and administration of it by the defendant's intestate, a failure finally to account for it by him, the possession of the fund by the defendant and a refusal by him to account for it or to pay to the plaintiff on demand; with prayers for appropriate relief. There is an allegation in the bill to the effect that the plaintiff brought an action at law against the defendant for the same cause of action which is still pending. The defendant demurred on the ground of the pendency of the action at law. The demurrer was sustained and a final decree was entered * dismissing the bill. The plaintiff's appeal brings the case here.

No discussion is required to show that the substantive averments of the plaintiff's bill set out a cause for relief in equity. The compelling of a proper accounting for the administration of a trust and payment to the parties entitled to it at the termination of the trust is a well recognized branch of equity.

There is nothing in the record to indicate that relief is open to the plaintiff at law which is not equally available, together with other advantages, in equity. This is not a case where there are alternative remedies at law and in equity, or where the relief sought in the two forums is inconsistent one with the other. Nor are they different means of enforcing a single right, as in *Frost* v. *Thompson,* 219 Mass. 360, 369. This is not a case of doubt as to the right remedy, where the prosecution of different proceedings for relief may go forward simultaneously. See, for example, *Corbett* v. *Boston & Maine Railroad,* 219 Mass. 351; *Worcester* v. *Worcester Consolidated Street Railway,* 182 Mass. 49. But it is a plain case where the plaintiff ought to pursue one or the other, but not both. While the technical stringency of the common law against the concurrent pendency of two different proceedings founded on the same cause of action no longer prevails, manifest justice requires that a defendant ought not to be harassed by useless litigation.

The pendency of an action at law for the same cause would be

---

* In the Superior Court by order of *Morton,* J.

taken advantage of by a plea in abatement if another action at law were brought. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299. During the pendency of an action at law for the same cause in the same jurisdiction, a court of equity will not ordinarily try the same issues between the parties. A court of equity will not permit a defendant to be vexed at the same time with two suits for the same cause of action. Where an action at law is pending for the same cause, relief is open to the defendant by plea setting up the facts. As the pendency of the action at law is averred in the instant bill, the court takes notice of it on demurrer. *Sears* v. *Carrier*, 4 Allen, 339. But commonly it will not peremptorily sustain a demurrer, or a plea in bar, for this reason. A chancery court should give reasonable opportunity for the plaintiff to elect whether to proceed at law or in equity. Doubtless he usually, if not always, would be allowed to elect his equitable remedy, if he saw fit to do so. *Connihan* v. *Thompson*, 111 Mass. 270. *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.* 208 Mass. 593, 596. *McGunn* v. *Hanlin*, 29 Mich. 476, 480. *Way* v. *Bragaw*, 1 C. E. Green, 213, 217. As pointed out in *Sandford* v. *Wright*, 164 Mass. 85, the order of the Superior Court should have been in substance that the demurrer be sustained, unless within a reasonable time the plaintiff discontinued the action at law.

Let the entry be

> *Decree reversed. Demurrer to be sustained and bill dismissed, unless, within ten days from the entry of this rescript, the plaintiff discontinues his action at law. If such discontinuance is made, then this suit to stand for further hearing.*

*H. B. Roberts,* for the plaintiff.
*G. L. Dillaway,* for the defendants.