CARRIE D. BRAY *vs.* CHARLES DUDLEY BRAY.

Barnstable.    March 13, 1928. — March 15, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Limitations, Statute of,* Special. *Probate Court,* Extension of time for bringing action. *Executor and Administrator. Election.*

If a petition under G. L. c. 197, § 9, by one contending that he is a creditor of the estate of a decedent, for an extension of time within which he might bring an action against the estate, was filed in the registry of probate before the expiration of a time granted on a previous application, a decree granting the petition is valid although it was not entered until after the expiration of the extended period previously granted.

The mere facts, that one, contending that he is a creditor of the estate of a decedent, becomes a respondent in a petition by the administrator for

leave to pay the whole or a part of the claim and participates in a hearing of that petition which is opposed by one of the next of kin, do not constitute an election which will preclude him from maintaining a petition under G. L. c. 197, § 9, for an extension of time within which he may prosecute his claim by an action.

PETITION, filed in the Probate Court for the county of Barnstable on October 10, 1927, for a further extension of time beyond October 22, 1927, within which the petitioner might bring an action against the estate of Charles M. Bray.

A citation issued under date of October 14, 1927, returnable October 25, on which day the petition was heard by *Campbell*, J.; the petition was opposed; and a decree was entered giving a further extension to and including February 20, 1928. Other material facts are stated in the opinion. Charles Dudley Bray appealed.

The petitioner, together with her brother, the respondent, and a sister, Sarah E. Hallet, were respondents in a petition, filed in the Probate Court on October 27, 1926, by the administrator of the estate of Charles M. Bray under G. L. c. 197, § 2, for authority to pay a claim as creditor presented by the petitioner in this petition, and she had participated in the hearings thereon. See *French* v. *Bray, ante,* 121.

G. L. c. 197, § 9, reads as follows:

"An executor or administrator, after having given due notice of his appointment, shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, except as provided in this chapter. The Probate Court may allow creditors further time for bringing actions, not exceeding two years from the time of the giving of his official bond by such executor or administrator, provided that application for such further time be made before the expiration of one year from the time of the approval of said bond."

*W. A. Lackey,* for the respondent.

No argument nor brief for the petitioner.

BY THE COURT. One who contended that she was a creditor of an estate, before the end of one year from the approval of the bond of the first administrator, brought a

petition under G. L. c. 197, § 9, asking an extension of time for bringing an action against the estate. This petition was granted. Before the expiration of the time thus fixed another petition was filed and allowed. Successive petitions were so filed until the last from which appeal was taken. The last petition was filed before the expiration of the time granted on the previous application. It is of no consequence in this connection that the decree on this petition was not entered until after the expiration of such time. Said § 9 makes the date of filing the application the decisive point of time, and not the entry of the decree. No citation on such a petition was required and it might have been granted without notice. All these proceedings were regular. *Hellier* v. *Loring*, 242 Mass. 251. It has not been argued that the death of the first administrator and the appointment of an administrator *de bonis non* were of consequence in any aspect of this matter.

If we take judicial notice of proceedings disclosed in *French* v. *Bray, ante,* 121, there was no election of another remedy by the creditor affecting the jurisdiction of the Probate Court to enter the decree from which appeal was taken. See *Corbett* v. *Boston & Maine Railroad,* 219 Mass. 351, 357. Only the points argued by the appellant have been considered, and they present no ground for reversal.

*Decree affirmed.*