OLD COLONY TRUST COMPANY & another *vs.* KALMAN SEGAL
& others.

Suffolk.    February 3, 1932. — September 13, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Probate Court*, Jurisdiction, Determination of claims.    *Executor and
Administrator. Equity Jurisdiction*, Multiplicity of actions.

The jurisdiction conferred by G. L. c. 197, § 2, upon the probate courts to
determine the validity of claims by creditors against solvent estates is
not exclusive, but merely is additional to and concurrent with such
jurisdiction as other courts have with respect to such claims.
So interpreted, said § 2 has a considerable field for its operation, by en-
abling executors and administrators, if all parties so desire, to secure
a speedy determination of such claims.  Per RUGG, C.J.
Where different courts of the same sovereign power have concurrent juris-
diction of the same causes, the one whose jurisdiction is first duly in-
voked has authority paramount over other courts; it acquires exclusive
jurisdiction over the subject and so long as the proceeding is pending
before it no action can be taken by any other court.  Per RUGG, C.J.
Where a creditor of a solvent estate brought, within the period of time
prescribed by G. L. c. 197, § 9, an action at law in the Superior Court
to enforce his claim, which was pending in that court, the Probate
Court had no jurisdiction to entertain a petition thereafter filed by the
administrator under G. L. c. 197, § 2, for a determination of the validity
of said claim.
It *was stated* that, where several creditors of a solvent estate brought
actions at law in the Superior Court to enforce their claims, each of
which was separate and distinct from the others, there was no ground
for invoking equitable jurisdiction to avoid multiplicity of actions.

PETITION, filed in the Probate Court for the county of
Suffolk on September 30, 1931, by the administrators of the
estate of Ida Frank, late of Boston, for a determination,
under G. L. c. 197, § 2, of the validity of six claims against
the estate, each made by one of the respondents.

The petition was heard by *Dolan*, J., a stenographer having
been appointed under G. L. c. 215, § 18, as amended.  Ma-
terial facts are stated in the opinion.   It was not contended,
and nothing appeared to show, that the petitioners had notice
of demands against the estate sufficient to warrant them in

representing it insolvent. The judge ruled that the Probate Court had no jurisdiction to determine the claims; and by his order a decree was entered dismissing the petition "without prejudice to the right of the petitioners to defend the estate represented by them against said claims in the actions now pending in the Superior Court with relation thereto; and without prejudice to any other rights the petitioners may have in appropriate proceedings in said Superior Court, if any other rights there be." The petitioners appealed.

*Lee M. Friedman,* for the petitioners.

No argument nor brief for the respondents.

RUGG, C.J. This is a petition brought by administrators in a probate court praying for a determination of the validity of specified claims held by six persons named as respondents against the estate of their intestate. Prior to the bringing of this petition, each of the respondents had brought an action at law in the Superior Court against the administrators, within the period fixed by the statute of limitations, to enforce collection of the several claims described in the petition. In each of those actions trial by jury had been claimed and all the actions are pending. The several claims are based upon alleged contracts made by the intestate. It is plain that the Superior Court has jurisdiction of these actions at law. The contrary has not been argued. The question presented for decision is whether in these circumstances the Probate Court has jurisdiction to entertain the petition. The petition is brought under G. L. c. 197, § 2. That section is in these words: "If an executor or administrator who has given due notice of his appointment does not within six months thereafter have notice of demands against the estate of the deceased sufficient to warrant him to represent such estate to be insolvent, he may, after the expiration of said six months, pay the debts due from the estate and shall not be personally liable to any creditor in consequence of such payments made before notice of such creditor's demand; and if such executor or administrator is in doubt as to the validity of any debt which, if valid, he would have a right to pay under this section, he may, with the approval of the probate court,

after notice to all persons interested, pay such debt or so much thereof as the court may authorize."

This section does not purport to deprive any other courts of jurisdiction. It confers additional but not exclusive jurisdiction on probate courts. Its main design is to enable executors and administrators to settle estates more expeditiously than might otherwise be possible, and at the same time to receive protection in paying claims of doubtful validity or questioned by persons interested in the estate. It provides alternative procedure. It does not extinguish preëxisting remedies open to parties. It leaves untouched every other provision of law for the adjudication of claims against estates. It would be contrary to sound canons of statutory construction to interpret this section as working so radical a change in the law as to deprive parties of the right to bring actions at law, with the concomitant privilege of claiming trial by jury, and to compel all persons having claims against the estate of a deceased person to resort to probate courts alone for adjusting demands, without explicit and unmistakable language. No such legislative mandate is expressed by the natural meaning of the words of this section. *Ginzberg* v. *Wyman*, 272 Mass. 499. *Nathan* v. *Nathan*, 166 Mass. 294.

Thus interpreted, the statute is not rendered useless, but has a considerable field for its operation. It enables executors and administrators, if all parties desire, to proceed at once for the determination of the validity of claims against their estates. It offers a means for accelerating the settlement of estates. Doubtless, in many instances, it would be for the advantage of creditors as well as fiduciaries to have the validity of claims determined in this way. See *French* v. *Bray*, 263 Mass. 121; *Bray* v. *Bray*, 263 Mass. 141.

Where different courts of the same sovereign power have concurrent jurisdiction of the same causes, the one whose jurisdiction is first duly invoked has authority paramount over other courts. It acquires exclusive jurisdiction over the subject and so long as the proceeding is pending before it no action can be taken by any other court. *Stearns* v. *Stearns*, 16 Mass. 167, 171. *Powers* v. *City Council of*

*Springfield,* 116 Mass. 84. *Miller* v. *County Commissioners,* 119 Mass. 485. *Dorsey* v. *Corkery,* 227 Mass. 498. See *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 221. Since the causes described in the petition have all been put in litigation in the Superior Court prior to the filing of the present petition, that court acquired and retains jurisdiction exclusive of the Probate Court.

There is nothing at variance with this principle in cases like *Consolidated Ordnance Co.* v. *Marsh,* 227 Mass. 15; *Spear* v. *Coggan,* 223 Mass. 156; *Corey* v. *Tuttle,* 249 Mass. 135, or other decisions relied upon by the petitioner. They are not relevant to the facts here disclosed, in the light of the governing statute. Decisions as to the settlement of insolvent estates of deceased persons, such as *Agoos* v. *Cosmopolitan Trust Co.* 241 Mass. 103, rest upon different considerations and are not pertinent to the present issue.

The claims set out in the petition have nothing in common except that they are against a single estate. Each is founded on a separate contract and apparently all were made at different times. They afford no foundation for invoking equitable jurisdiction in order to avoid multiplicity of suits. That principle is well established within its proper bounds. *Carr* v. *Silloway,* 105 Mass. 543. *Smith* v. *Smith,* 148 Mass. 1, 5. *Sheffield Waterworks* v. *Yeomans,* L. R. 2 Ch. 8. But it has no applicability to a case like the present when the several causes of action are separate and distinct and have already been put in issue in appropriate proceedings in a court of competent jurisdiction. *Rogers* v. *Boston Club,* 205 Mass. 261. *Maguire* v. *Reough,* 238 Mass. 98. *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 267–268. Compare *Smith* v. *Bank of New England,* 69 N. H. 254.

The decision of the trial judge in declining to assume jurisdiction of the petition was right.

*Decree affirmed.*