CHARLES FINO *vs.* MUNICIPAL COURT OF THE CITY OF BOSTON.

Suffolk.   April 4, 5,' 1950. — July 10, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Certiorari. Supplementary Proceedings. Judgment. Payment. Evidence,. Presumptions and burden of proof.*

Certiorari lay to review action by a Municipal Court on a motion to dismiss supplementary proceedings on the ground that that court by lapse of time had lost its jurisdiction to make further orders in the proceedings.

In supplementary proceedings commenced shortly after the rendition of a judgment and the issuance of an original execution thereon, the mere fact, that, at a subsequent time when the judgment creditor sought to have the judgment debtor adjudged in contempt for failure

to obey an order of the court, more than twenty years had elapsed since the rendition of judgment and issuance of execution and no execution was outstanding, did not preclude the court from adjudging the judgment debtor in contempt, where it appeared that the judgment had not been satisfied and that no order for the dismissal of the proceedings had been made.

The provision of G. L. (Ter. Ed.) c. 260, § 20, that a judgment shall be presumed to be paid and satisfied at the expiration of twenty years after its rendition, creates merely a rebuttable presumption.

PETITION for a writ of certiorari, filed in the Superior Court on May 9, 1949.

The case was heard by *Dowd*, J.

*B. Korolick*, (*B. Alpert* with him,) for the petitioner.

*B. B. Levenson*, (*F. Glazer* with him,) for the respondent.

COUNIHAN, J. This is a petition for a writ of certiorari, G. L. (Ter. Ed.) c. 249, § 4, as amended by St. 1943, c. 374, § 1, brought in the Superior Court. G. L. (Ter. Ed.) c. 213, § 1A, inserted by St. 1939, c. 257. The case was heard on the petition and return, and the petition was dismissed. The case comes here on appeal. G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4. See *Murphy* v. *Third District Court of Eastern Middlesex*, 316 Mass. 663, 667.

It appears from the return that judgment was entered against the petitioner in the Superior Court on February 20, 1928, in the sum of $616.22 upon which execution issued on February 23, 1928. On April 17, 1928, the creditor began supplementary proceedings in the Municipal Court of the City of Boston, St. 1927, c. 334, effective March 1, 1928, and on May 16, 1928, an order was made directing the present petitioner, who was the judgment debtor and is hereafter so designated, to make partial payments. On May 20, 1930, this order was revised and a new order made. No further action was taken until January 19, 1949, when a petition was filed in the Municipal Court to have the judgment debtor adjudged in contempt for failure to comply with the order of May 20, 1930. G. L. (Ter. Ed.) c. 224, § 16, as amended by St. 1943, c. 292, § 1. On April 20, 1949, the judgment debtor filed a motion in the supple-

mentary proceedings that the proceedings "be dismissed for the reason that the execution, upon which the proceedings were brought, is over twenty (20) years old and was returnable to the court from which it issued on February 23, 1948, and is now of no force and effect, and this court is without authority to issue process for the payment of said execution or the judgment upon which it issued." After hearing this motion was denied. After further hearing the judge found that the debtor had property and ordered him to assign all his right, title and interest in and to two parcels of land with the buildings thereon (to the creditor). The judgment debtor complied and the proceedings were dismissed. It appears from the return that "No requests for rulings of law, either oral or written, were presented by the judgment debtor at any time."

If we assume, as we think we must, that the judgment debtor by his motion to dismiss properly raised the question as to the limitation of time in which orders may be made in supplementary proceedings, we are of opinion that there was no other way to bring this question to the attention of this court than by certiorari. It is made clear in *Donnelly v. Montague,* 305 Mass. 14, 17, 18, that neither a writ of error nor a report to the Appellate Division lies in supplementary proceedings. See also *Giarruso v. Payson,* 272 Mass. 417, 420–421. An appeal to the Superior Court in these proceedings lies only for charges of fraud or misconduct under the special provision of G. L. (Ter. Ed.) c. 224, § 19. Except as there provided, "There shall be no appeal from any judgment, order or sentence under the provisions of this chapter." G. L. (Ter. Ed.) c. 224, § 18.

It is well established that certiorari will lie where no other means of relief are available. In *Swan v. Justices of the Superior Court,* 222 Mass. 542, 544, it was said of certiorari, "Its common purpose is the beneficent one of enabling a party who has no remedy by appeal, exception, or other mode of correcting errors of law committed against his rights in a proceeding judicial or quasi judicial, to bring the true record, properly extended so as to show the principles

of the decision, before a higher court for examination as to material mistakes of law."

Apart from the reasoning in the *Swan* case it would seem that now by statute certiorari does exist to correct errors in proceedings not according to the course of the common law. G. L. (Ter. Ed.) c. 249, § 4, as amended by St. 1943, c. 374, § 1. Clearly supplementary process is not according to the course of the common law for it has been held to be equitable in nature. *Giarruso* v. *Payson,* 272 Mass. 417. *Little* v. *Mathews,* 317 Mass. 422, 425.

The remaining question to be decided is whether the return disclosed any error of law in the proceedings in the Municipal Court. We are of opinion that there was none and that the petition for certiorari was properly dismissed. While it is true that the order adjudging the judgment debtor in contempt was made on a petition filed by the creditor on January 19, 1949, more than twenty years after the judgment was rendered and execution issued, the supplementary proceedings were originally begun on April 17, 1928, and the order of which the judgment debtor was held to be in contempt was made on May 20, 1930. Section 16 of c. 224 provides that "The court may at any time renew, revise, modify, suspend or revoke any order made in any proceedings under the provisions of this chapter. Failure, without just excuse, to obey any lawful order of the court in supplementary proceedings shall constitute a contempt of court." Section 18 of c. 224 further provides, "The court shall retain jurisdiction of supplementary proceedings until an order shall be made expressly dismissing them." Here no such order for dismissal had been made when the petition for contempt was heard and decided. See *McDermott* v. *Justices of the Municipal Court of the City of Boston,* 287 Mass. 563, 567.

The petitioner contends that all supplementary proceedings are ineffective if there is no execution outstanding, and that because the judgment and execution upon which the proceedings here were based were more than twenty years old, the proceedings must be considered to have

terminated. It would appear from the record that no execution was outstanding at the time the debtor was adjudged in contempt. It is clear, however, that if the judgment had not been satisfied (and the judge of the Municipal Court found that it had not been) a successive execution could have been obtained. General Laws (Ter. Ed.) c. 235, § 23, provides that original executions shall be returnable within twenty years, but § 17 thereof provides for an alias or successive execution subject to the provisions of G. L. (Ter. Ed.) c. 260, § 20. This last mentioned section provides that a judgment shall be presumed to be paid and satisfied at the expiration of twenty years after it was rendered. This is not an absolute bar to action on such a judgment but is a presumption which may be rebutted as it apparently was here. *Denny* v. *Eddy,* 22 Pick. 533. *Knapp* v. *Knapp,* 134 Mass. 353. *Haynes* v. *Blanchard,* 194 Mass. 244, 246.

As it is true that a successive execution could have been had, it would be anomalous to sustain the contention of the petitioner that the supplementary proceedings had abated.

*Judgment dismissing the petition affirmed.*