WALTER C. JOHNSON *vs.* DOROTHY JOHNSON STANDISH & another.

Hampden.    September 18, 1952. — November 4, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Jurisdiction,* Concurrent jurisdiction.    *Probate Court,* Revocation of decree, Removal of fiduciary.    *Executor and Administrator,* Removal.

A Probate Court could not take jurisdiction of a certain matter of which the Superior Court had already acquired jurisdiction in an action at law.

A decree dismissing a petition in a Probate Court to remove an executrix for alleged failure to account properly for assets coming into her possession was affirmed on the record.

A decree of a Probate Court dismissing a petition to vacate the allowance of a will on the ground of newly discovered evidence of undue influence was affirmed on the record.

PETITION, filed in the Probate Court for the county of Hampden on December 12, 1949.

The case was heard by *Macauley,* J.

*Walter C. Johnson,* pro se, submitted a brief.

No argument nor brief for the respondents.

WILLIAMS, J.    This is a petition to the Probate Court for Hampden County wherein it is sought to have vacated, because of newly discovered evidence of undue influence, a decree of that court allowing for probate the will of one Bessie (Bengta Hanson) Johnson; to have replaced the executrix of the will; and to "order disclosure of concealed assets of estate of Bessie . . . Johnson and concealed property and assets of Niels Hojriis Johnson estate." The respondents are Dorothy Johnson Standish and Jennie Johnson Coleman, sisters of the petitioner. The petitioner appealed from a final decree dismissing the petition. Although the evidence is not reported we have a report by the judge of the material facts.

From the report it appears that the petitioner and the respondents are children of Niels Hojriis Johnson and Bessie or Bengta Johnson. Niels died in Berlin, Connecticut, on October 8, 1919, and his widow, Bessie, was appointed administratrix of his estate by the Probate Court of New Britain, Connecticut. A "supplemental" account of the administratrix which was filed on July 20, 1921, and allowed by the New Britain court discloses a balance of $3,773.60 in the estate unaccounted for. There is, however, on file in the same court a formal release executed and acknowledged by the petitioner whereby in consideration of $838.58 received from Bengta Johnson he released her as administratrix "from any and all claims he had against the estate of his father." Bessie Johnson died in West Springfield on January 17, 1947, leaving as her only heirs the petitioner and the respondents. By her will which was probated in the Probate Court for Hampden County on March 7, 1947, the proceeds of a note of $3,000 dated March 29, 1935, and signed by the petitioner and his wife were left in equal shares to the decedent's three children. The residue of her estate was divided between her two daughters. Dorothy Johnson Standish who had been nominated in the will was appointed executrix. The petitioner contested the probate but did not appeal from the decree of allowance. On March 1, 1948, he brought an action of contract or tort against the estate of Bessie Johnson in the Superior Court for Hampden County alleging that the testatrix owed him $4,200 for moneys which "testator failed to account to" him. The present petition was filed on December 12, 1949. The judge found that "in so far as it asks for an accounting by the executrix and the respondents of alleged assets of the estate of Niels Hojriis Johnson, and in so far as it alleges fraud and concealment of assets of the Niels Hojriis Johnson estate, the petition asks for the same relief as prayed for in the Superior Court action." He ruled that the Superior Court "first acquired jurisdiction over that portion of the present equity case." After consideration of the affidavits submitted by the petitioner he found "(1) that no cause exists to vacate

the decree allowing the will and appointing the executrix of the Bessie Johnson estate; (2) that no cause exists to vacate the said decree and to disallow the will of Bessie Johnson on the grounds of fraud or undue influence or on the basis of newly discovered evidence; (3) that no cause exists to remove the executrix of said will."

Whether the facts alleged in the petition, which is informally drawn, are sufficient to provide a basis for the relief prayed for need not be passed upon (but see *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 137, and cases cited). The record of the case discloses that no error was committed by the judge of probate. In the absence of any evidence of fraud the petitioner is barred by his release from prosecuting any claim against the representative of his father's estate. If he has a right of action the Superior Court has acquired exclusive jurisdiction of it. See *Old Colony Trust Co.* v. *Segal*, 280 Mass. 212; *MacDonald* v. *Gough*, 327 Mass. 739, 742-743. As to his mother's estate there is nothing to indicate that the executrix has failed properly to account for all assets coming into her possession. The judge was right in finding that the affidavits concerning the alleged newly discovered evidence show no cause for disturbing the decree of the Probate Court.

*Decree affirmed.*