FRANK J. MAYONE *vs.* MUNICIPAL COURT OF THE CITY OF BOSTON.

Suffolk. March 4, 1957. — May 1, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Supplementary Process. Assignment. Sale,* Validity, Sale under power.

A decree of a Probate Court that a certain interest in a decedent's estate was assignable and that an assignment thereof by a judgment debtor to the judgment creditor pursuant to an order made in a pending supplementary proceeding in a Municipal Court was valid did not preclude a subsequent order of the Municipal Court in the supplementary proceeding for reassignment of such interest to the debtor upon certain payments by him. [721]

Where it appeared that a judgment debtor having a remainder interest in a decedent's estate subject to a life interest, pursuant to an order of the court in a supplementary proceeding by the judgment creditor, assigned the remainder interest to the creditor by an assignment containing an express reference to G. L. (Ter. Ed.) c. 224, § 16, and a provision that the assignment and the parties' rights thereunder should be "subject to revision, modification or revocation" by order of the court made under c. 224, and no provision authorizing the creditor to be a purchaser at a sale upon failure to redeem, that the debtor did not redeem within the time allowed and the creditor at an auction sale sold the assigned interest to himself, that upon the death of the life beneficiary several years later the assigned interest had a value far in excess of the amount of the creditor's execution and the amount paid by him

in the auction sale, and that the supplementary proceeding had not been expressly dismissed, the court still had jurisdiction of the proceeding and had power to order the creditor to transfer the assigned interest back to the debtor upon his paying the amount of the execution with interest and a sum as terms imposed by the court.  [721–722]

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on July 18, 1956.

The case was reserved and reported, without decision, by *Ronan*, J.

*John J. McNaught*, for the petitioner.

*James D. St. Clair*, for the respondent.

RONAN, J.  This case is here upon a report of a single justice, without decision, upon a petition for a writ of certiorari, the return of the respondent and the stipulation of the parties, for the determination of this court.

The petitioner on October 18, 1948, obtained a judgment against one Helen S. Murphy, the judgment debtor, for $1,240.40 including costs, and on November 6, 1948, filed an application for supplementary process under G. L. (Ter. Ed.) c. 224, §§ 16, 17, 18.  The debtor in compliance with the order of the court assigned on February 21, 1949, to the judgment creditor all her right, title and interest in the estate of her father "or so much thereof as may be sufficient to satisfy the judgment and costs of these proceedings." The judgment debtor had a remainder interest in her father's estate subject to a life estate in her mother, which remainder interest was subject to divestiture if the debtor should not survive her mother.  The mother died on December 13, 1955.

The assignment was on a printed form ordered by the court.  G. L. (Ter. Ed.) c. 224, §§ 16, 17.  It also contained much typewritten material making this assignment especially applicable to the instant case.  Under § 16 the court, if it finds that the debtor has property, "may order him to execute, acknowledge if necessary, and deliver to the judgment creditor, or to a person in his behalf, a transfer, assignment or conveyance thereof . . . .  The court may *at any time* [emphasis supplied] renew, revise, modify,

suspend or revoke any order made *in any proceedings* [emphasis supplied] under the provisions of this chapter." Section 17 provided for the redemption of the property. "If such property is not [within the time stated] redeemed it shall be sold forthwith at public auction, unless in the transfer, conveyance or assignment thereof it was otherwise provided, and the proceeds, after deducting the expenses of such care, custody and sale, shall be applied to the payment of said judgment and costs . . . ." This assignment did not in terms authorize the creditor to purchase the property at any such sale. Section 18 provided that "The court shall retain jurisdiction of supplementary proceedings until an order shall be made expressly dismissing them . . . ." *Fino* v. *Municipal Court of the City of Boston,* 326 Mass. 277. *Scourtis* v. *Bililies, ante,* 290.

The debtor failed to redeem the property within a year as provided in the assignment and the creditor, after notice, sold it to himself at a public auction on April 13, 1950, at which he was the only bidder. He bid in the property for $100. Subsequently he filed a petition in the Probate Court, which entered a final decree on April 6, 1951, that the interest of the debtor in her father's estate was assignable and the assignment was valid.

The judgment debtor on Feburary 1, 1956, filed a petition in the supplementary proceedings to revoke the order of February 21, 1949, pursuant to which the assignment was given. After a hearing the judge found that the court still had jurisdiction in these proceedings between creditor and debtor; that no order had been made dismissing the supplementary proceedings under G. L. (Ter. Ed.) c. 224, § 18; that evidence was offered tending to show that the value of the property bequeathed by her father's estate to her is now more than $400,000; and that the execution which formed the basis of the supplementary proceedings was in the sum of $1,275.10 so that, if the debtor's right of redemption had been foreclosed and adjudicated, a shocking injustice would obviously result. He ordered that upon the payment of the entire sum of the execution with interest,

together with $500 as terms imposed by the court, to the judgment creditor, the creditor should reconvey to the judgment debtor all the rights and interest which she assigned to him pursuant to the order of February 21, 1949.

The petitioner does not contend that the findings of the judge are not supported by the evidence or object to his finding that a "shocking injustice" would result if the order of February 21, 1949, is permitted to stand. The principal issue is whether the court had authority to make the order.

Continuing jurisdiction in supplementary proceedings until a final order terminating them is necessitated in order for the court to meet changing conditions of the parties. On one hand, the power of the court must be used effectively to aid the creditor in collecting his debt. If the debtor has become more prosperous than when the original order was made, there is no reason why he should not be ordered to pay forthwith the balance of the debt or larger instalments. On the other hand, if the financial condition of the debtor has become worse, there is no reason why the instalments should not be reduced or temporarily suspended. Both parties are working under the threat of contempt for breach of an order of the court. *McDermott* v. *Justices of the Municipal Court of the City of Boston*, 287 Mass. 563. *Fino* v. *Municipal Court of the City of Boston*, 326 Mass. 277.

There was added to the printed form of the assignment a typewritten reference to § 16 of c. 224 and a clause that the court reserves the right to revise, modify or revoke the assignment. A reading of § 16 does not disclose that the court is limited, in the exercise of the power to order a change in the assignment, to a period before the sale or other disposition of the collateral, but on the contrary both the section and the assignment provide that such power may be exercised "at any time." The printed assignment also contained in typewritten form the following: "It is further understood that this instrument and the rights of the respective parties hereto shall be subject to revision, modification or revocation by such order as may be made

by the . . . [court] in appropriate proceedings pursuant to the provisions of said Chapter 224."

The exclusiveness of the jurisdiction is shown by the provisions that there shall be no appeal from any judgment, order or sentence except in instances of which the present is not one and that when jurisdiction attaches it shall continue until the proceedings are finally dismissed.

Not much of the execution amounting to $1,275.10 could have been paid from the bid of $100 after the payment of expenses. Even if the Probate Court upon its equity side had jurisdiction to settle the claim of a creditor upon his petition, *Lenz* v. *Prescott*, 144 Mass. 505, *Coram* v. *Davis*, 209 Mass. 229, *Security Bank* v. *Callahan*, 220 Mass. 84, *Stowell* v. *Ranlett*, 238 Mass. 599, *Ashley* v. *Collins*, 292 Mass. 67, *Crosby* v. *Ide*, 329 Mass. 676, the Municipal Court where proceedings had been previously brought and which had never allowed a motion to dismiss still had continuing jurisdiction. Furthermore, a court which first takes jurisdiction retains it over one in which proceedings are later begun. *Old Colony Trust Co.* v. *Segal*, 280 Mass. 212, 214–215. *Morin* v. *Ellis*, 285 Mass. 370. *Lyon* v. *Lyon*, 318 Mass. 646. *MacDonald* v. *Gough*, 327 Mass. 739. *Johnson* v. *Standish*, 329 Mass. 396. We do not think the judge of the Municipal Court was restricted by the action of the Probate Court.

Upon the failure of the debtor to redeem the property, the creditor could sell the property at public auction and after satisfying his claim pay over the balance to his debtor. He might also take the property at a valuation agreed to by the debtor. G. L. (Ter. Ed.) c. 224, § 17. The assignment, however, did not authorize him to become the purchaser. An assignee, like a pledgee or a mortgagee, "In the absence of agreement or statute (G. L. [Ter. Ed.] c. 183, § 25), . . . may not become the purchaser at a foreclosure sale conducted by him under a power" of sale. *Cambridge Savings Bank* v. *Cronin*, 289 Mass. 379, 382. The purported sale to the creditor himself was voidable. *Middlesex Bank* v.

*Minot,* 4 Met. 325. *Lord* v. *Hartford,* 175 Mass. 320. 72 C. J. S., Pledges, 125–127.

Our present supplementary process (c. 224) has been said to savor "strongly of proceedings in equity." *Giarruso* v. *Payson,* 272 Mass. 417, 420. There is nothing to show that there had been any unanticipated increase in the father's estate up to the time of death of the debtor's mother. There is a hint that the shares had become larger in amount by becoming less in number. Whatever the fractional interest of the debtor amounted to when she gave the assignment to the creditor, it must have far exceeded $100 paid by him to have that share exceed $400,000 at the time of the mother's death. We agree with the judge below that if the debtor's right of redemption was foreclosed and adjudicated by the auction sale a shocking injustice would obviously have resulted. A judgment creditor has no right to enforce an equitable process to obtain such a result. *Graffam* v. *Burgess,* 117 U. S. 180. *Gelfert* v. *National City Bank,* 313 U. S. 221. *Webster* v. *Barnes Banking Co.* 113 Fed (2d) 1003, 1005. *Dunn* v. *Ponceler,* 235 Ala. 269. *Pender* v. *Dowse,* 1 Utah (2d) 283.

There was no error in the denial by the Municipal Court of the judgment creditor's request that the court had no authority to revoke the order of February 21, 1949.

*Petition dismissed.*